UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

JUN 0 4 2014

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Respondent, | § | |
| vs. | § | Civil No._____ |
| BARRY LERNARD DAVIS<br>Petitioner. | § | Criminal 4:09-CR-0390-1 |

MEMORANDUM BRIEF IN SUPPORT OF MOTION TO VACATE, SET ASIDE,

OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. §2255 ; MOTION

FOR LEAVE TO FILE BRIEF IN EXCESS OF TWENTY FIVE PAGE LIMIT,

REQUIRED BY THE LOCAL RULES OF THIS COURT

TO THE HONORABLE JUDGE:

## INTRODUCTION

COMES NOW Barry Lernard Davis, the petitioner, pro se, and respectfully

files this Memorandum brief in support of his 28 U.S.C. § 2255 motion to vacate,

set aside or correct the sentence imposed by this Court on April 20, 2012, at

resentencing, Petitioner is presently incarcerated at the Federal Correctional

Institutional, Beaumont Medium.

## EXCUSABLE ERROR

Petitioner is a layman at law, therefore as a pro se litigant he invokes

the excusable error analysis of Haines v. Kerner, 404 U.S. 519 (1972), where

this Court is required to hold the defendant pleading to a less stringent

standard than motion drafted by a Lawyer. See also Erickson v. Pardus, 551 U.S.

89,94,127 S.Ct. 2197,167 L.Ed. 2d 1081 (2007); State v. Yizar, 956 F.2d 230,232

(11th Cir.1992); See also Fed.R.Civ.P.8(e) pleading must be construed so as to

do jusitce.

---

Petitioner has attempted to be concise in the preparation of this motion,
but in order to adequately address all claims of relief, procedural history of
the facts, and issues, it has proved necessary to exceed the standard page limit.
Petitioner assets good cause exist for this motion to be grated because of the
length of the facts of his trial and sentencing, and direct appeal, and evidence
presented in this matter has resulted in the petitioner exceeding the page
limitations.

## JURISDICTION

Pursuant to U.S.C.§ 2255, "[a] prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution or law of the United States,...or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Davis so moves this Court on that the conviction was imposed on ineffective Assistance Of counsel where counsel failed to object to racial prejudice, and this conviction is in violation of the United States Constitution and is otherwise subject to collateral attack. Davis's sentence is imposed in violation of the United States Constitution and is otherwise subject to collateral attack.

## REVIEW STANDARDS

A motion for relief under § 2255 follows the procedures established by the "Rules Governing Section 2255 Cases in the United States District Court" (hereinafter, the "Rules"). The text of § 2255 states that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitle to no relief, the court shall cause notice thereof to be served upon the United States attorney, granting a prompt hearing thereon, determine the issue and make findings of fact and conclusion of law respect thereto." 28 U.S.C. § 2255 (emphasis added). Similarly, the Rules dictate that, upon initial consideration by the assigned District Judge, a 2255 motion should be dismissed only "if it plainly appear from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule

4(b) (emphasis added).  In all other cases, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take action the judge may order." id.  The Rules also authorize, where appropriate and by order of the Court, discovery proceedings, and expansion of the record, and an evidentiary hearing.

Subsequent to the "Preliminary Reiew" stage set out in Rule 4, the ultimate legal standard for motion brought pursuant § 2255 is prescribed by statute:

> If the court find that... the sentence imposed was not authorized by law or otherwise open to collateral attack,or that there has been such a denial or infringement of the constitutional right or the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255.

## SUMMARY OF CLAIMS FOR RELIEF

Petitioner asserts the following     claims for relief, as described more fully below:

a)   Petitioner was denied his Sixth Amendment right to Effective Assistance of Counsel due to trial Counsel's deficient performance;

b)   Petitioner was denied his Sixth Amendment right to effective Assistance of Counsel because:

(i)   defense counsel failed to object to racial prejudice.

(ii) The Petitioner's equal protection rights were violated when the government trial testimony of their witness regarding the culture of prostitution turned racial. Petitioner Davis was thereby prejudiced.

(iii)

(iii)    Trail Counsel failed to research precedent case Law regarding the culture of prostitution and racial prejudice in the U.S. Court of Appeals for the Fifth Circuit. Had trial counsel done so he would have been able to object to the Government's testimony using <u>United States v. Anderson</u>,560 F.3d 275 (5th Cir. 2009). a case where the same testimony of the same FBI Agent was deemed to Constitute racial prejudice.

(iv)    Trail Counsel's failure to object at trial to Davis's equal protection rights violation and the testimony of the government's witness that turned racial, prejudiced Davis the petitioner because his appeal had to be reviewed under the plain error standard of review in which the petitioner could not prevail. Had trial counsel objected and Davis the petitioner's appeal would have been reviewed under De novo standard of review, there is a reasonable probability that the outcome of the appeal would have been different.  **Davis was thereby prejudiced.**

(V)    Davis was prejudiced by the five (5) level enhancement in that he received a much harsher sentence.

(vi)    Sentence counsel failed to provide evidence to overcome reliablity of the PSR enhancement evidence. Petitioner Davis was thereby prejudice.

(vii)    Counsel was Constitutionally Ineffective for failing to file a motion to suppress the illegal obtained evidence.  Davis requested repeatedly that trial counsel file a timely motion to suppress the illegal evidence.

## STATEMENTS OF THE CASE

On July 8, 2009, a Federal Grand Jury In the Southern District of Texas, Houston Division, returned a three (3) count Indictment charging Barry Lernard Davis ("Daivs") in count 1 with Sex Trafficking of Children in violation of 18 U.S.C. § 1591 (a). Count 2 alleged Transportation of minors with Intent to engage in criminal sexual activity in violation of 18 U.S.C. §2423(a).  Count 3 alleged Coercion and enticement in violation of U.S.C. § 2422.  (Doc.1).

On March 22, 2010, jury trial commenced. (Doc.51).

On March 24, 2010, a jury found Davis guilty on all three Counts of the Indictment. (Doc.58).

On November 12, 2010, Davis was sentence to 405 months imprisonment as to count 1&2, and 240 months imprisonment as to count 3, to run concurrently, Supervised Release for Life on all Counts, no fine, and a Mandatory Special Assesment fee of $300 (Doc.74).

On November 18, 2010, Davis Timely filed a notice of Appeal.(Doc.76).

On December 12, 2011, the Fifth Circuit Court issued its opinion and Judgment wherein Davis' sentence was vacated and remanded to the District Court for resentencing. (Doc105-1).

On April 20, 2012, Davis was resentenced to 327 months confinement, Supervised Release for life, no fines and a $300 mandatory assesment fee. (Doc.122).

On April 26, 2012 an Amended Judgment was issued in the district court reflecting Davis' new sentence. (Doc.124).

On May 3, 2012, Davis filed a timely notice of appeal. (Doc.126).·

On May 3, 2013 Davis direct appeal was affirmed.

On July 25, 2013 a petition for writ of cetiorari was filed.

On August 7, 2013 writ of ceriorari was placed on the docket.

On October 7, 2013 certiorari was denied.

## STATEMENT OF THE FACTS

Mr. Davis submits that the following facts support his constitutional claims that he was deprived of effective assistance of Counsel as guaranteed by the Sixth and Fourteenth Amendment of the United States Constitution during a crucial stage of the procceding.

1)  Mr. Davis advice trial counsel that he never acted as Nicole Clock and Cassandra Martin's pimp. And he did not have sexual relation with R.D. or Cassandra Martin. Davis advice counsel that he was innocent and, Harris County dismissed the case involving R.D. because she was not credible. R.D. told many people including the Government Davis is innocent. Davis was thereby prejudiced.

2)  Trial Counsel did not object to racial prejudice during Davis's Trial.

3)  The Fifth Circuit court held that Mr. Davis's equal protection rights were violated. See (Exhibit"B"). Davis was thereby prejudice.

4)  Trial Counsel's failure to object at trial to Mr. Davis's equal protection right violation and the testimony of the govenment's witness turned racial, prejudiced Mr. Davis because his appeal had to be reviewed under the plain error standard of review which Mr. Davis could not prevail. See (Exhibit "A"). Davis was thereby prejudice.

5)  The District Court's decision to apply a five(5) level enhancement for

engaging in a pattern of activity involving prohibited sexual conduct
was based on the Presentece Investigation Report (PSR).

6)      The PSR alleged that Mr. Davis had engaged in sexual conduct with R.D
        a sixteen-year-old girl on at least two occasions, and acted as R.D's
        pimp.  Davis was thereby prejudiced.

7)      All these allegation were allegation based on the investigation
        files and Reports of the Houston Police Department.

8)      These alleged charges related to the indictment were dismissed,
        because R.D. was not credible. See (Exhibit "D").

9)      Appeal Counsel at resentencing April 20,2012, (Doc122), the States
        Certified Motion to dismiss. See (Exhibit "F" and "D").

10)     An Ineffective trial Counsel failed to Investigate these allegations
        and provide evidence to over come PSR"s information in calculating
        this enhancement. See (Exhibit"H").

11)     Mr. Davis's Petition for Writ of Certiorari was 'denied' on
        October 7, 201 3  See Exhibit "K."

12)     Trial Counsel objected to the five (5) point enhancement in the PSR
        but did not offer any assistance during sentencing as to why he
        object to the PSR calculation. See (Exhibit"I" and "H").

Mr. Barry Lernard Davis comes before this Court pursuant to 28 U.S.C. §2255
within the one - year limitations period set forth in § 2255 from " the
date on which the judgment of conviction [became ] final".

<u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

A lawyer is presumed to be competent to assist a defendant and burden is on the defendant to demonstrate that his lawyer has been ineffective. <u>United States v. Cronic</u>,466 U.S. 648,658,104 S.Ct. 2039,80 L.Ed. 2d 657 (1984). A conviction will be vacated on ineffective assistance of counsel grounds if the defendant can prove (1) that counsel's performance fell below an objective standard of reasonable professional assistance, and (2) the defendant was prejudiced by the deficient performance. <u>Strickland v. Washington</u>, 466 U.S.688, 687,694,104 S. Ct.2052,80 LEd.2d674 (1984).

An attorney's performance is deficient if, given all the circumstance; his performance falls outside of accepted professional conduct. <u>Strickland</u>, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and counsel cannot be adjudged incompetent for performance in a particular way in acase, as long as the approach taken might be considered sound trial strategy.

ISSUE I

THE CONVICTION AND SENTENCE
ARE UNCONSTITUTIONAL ,BECAUSE
THE PETITIONER DID NOT RECEIVE
EFFECTIVE ASSISTANCE OF COUNSEL
AS GUARANTEED BY THE FIFTH, SIXTH
AND THE FOURTEENTH AMENDMENT OF THE
UNITED STATES CONSTITUTION

The Supreme Court has explained that a defendant has been deprived of his

Sixth Amendment right to Effective Assistance if "Counsel's representation fell

below an objective standard of reasonableness" and the deficient performance

prejudiced the defense.  Strickland v. Washington, 466 U.S.688,687,88 (1984).

As detailed within, there were many phases and specific failings that reveal

the ineffectiveness of the petitioner's trial counsel.  Moreover, the fact that

the petitioner's trial counsel failed at a critical stage to object to racial

prejudice testimony at trial, and failed at a critical stage to research

precedent case law Anderson, 560 F.3d 275 (5th Cir.2009). Trial counsel failed

to object for the petitioner, in this case his equal protection rights, in

itself is stark evidence that trial counsel did not provide reasonable

assistance and that his failings greatly prejudiced the petitioner.  The

Petitioner is an African—American and respectfully submits that the events

which transpired in the instant case constituted a denial of the petitioner's

right to due process of law as guaranteed by the Fifth Amendment to the United

States Constitution, effective assistance of counsel as guaranteed by the Sixth

Amendment to the United States Constitution, and equal protection guaranteed

by the Fourteenth Amendment to the United States Constitution.  These errors

were not merely procedural, but substantially infringed upon the petitioner's

Constitutional rights.  See United States v. Davis, 453 Fed.Appx.452 (5th Cir.

December 12, 2011).

The Fifth Circuit Court ruled in U.S. v. Davis that:

Because Davis did not object to this testimony at trial, our review is for
plain error.  To prevail under this standard, Davis must demonstrate that"(1)
there was an error; (2) the error is plain; and (3) the error affected [his]
substantial rights, was prejudicial and affected the outcome of the district
court proceeding."  Furthermore, we exercise our discretion to correct such an
error only if it "seriously affected the fairness, integrity or public
reputation of judicial proceeding."  This requires Davis to show a reasonable
probability that the alleged error affected the outcome of the trial.  Davis
carries the burden of persuasion.  See Exhibit "A."

The petitioner asserts that trial counsel was ineffective when the culture
of prostitution turned racial, amounting to constitutionally deficient
performance that significantly prejudiced the petitioner. Counsel's failures
diminished the opportunity for the petitioner to receive a fair trial.
Petitioner Davis was thereby prejudiced. See Exhibit "B" trial transcripts,
(398),(411-12),(498),(547).

See Baines v. Gomez, 204 F.3d 964,974 (9th Cir. 2000), the court noted
that prosecutorial arguments based on race or ethnicity violates the defendant's
rights under due process and equal protection clauses.  See United States v.
Rodriguez-Cortez, 949 F.2d 532, 541-43 (1st Cir.1991)(holding that the
introduction of the defendant's Colombiam identification card was reversible
error as it has effect of allowing the jury to determine guilt by nationality).

See United States v. McKendrick, 481 F.2d 152, 15661 (2nd Cir.1973)
Concluding that a constitutional violation occurred when state prosecutor's
closing arguments invited the jury member to view "colored people" as an entity
separate and apart from themselves.  Trial counsel severely prejudiced the
petitioner, by his deficient performance..

2

THE INEFFECTIVE ASSISTANCE OF COUNSEL
CONSTITUTIONALLY INFECTED THE CONVICTION
OF THE PETITIONER BECAUSE COUNSEL FAILED
TO OBJECT TO RACIAL PREJUDICE AT TRIAL


The Government's Witness, Nicole Clock, testified in relevant part
as follows:


"AUSA Zack: Let's talk about that, the rules of the game. When you refer
to "the game," what are you talking about?

Winess Clock: The pimping and the rules of the game.

AUSA Zack: There is a defined set of rules?

Witness Clock: Yes.

AUSA Zack: How did you learn those rules?

Witness Clock: Through your pimp.

AUSA Zack: And do the pimps talk to each other?

Witness Clock: Yes.

AUSA Zack: Can you give me an example? What are some of the rules that these
pimps would have?

Witness Clock: You can't look at other black men. All the money goes to them.

AUSA Zack: Let's slow down. Why can't you look at other black man? I would
assume there is a reason for the rule; is that correct?

Witness Clock: Yes.

AUSA Zack: Why can't you look at other black men?

Witness Clock: Because they are afraid that they will lose you for the next
black man.

AUSA Zack: How is that possible?

Witness Clock: They could be cuter. They could be nicer. They could be more
suave, I guess.

AUSA Zack: What if you look at them, what would happen?

3

Witness Clock: Sometimes you would get in trouble, like, getting your ass beat.
AUSA Zack: Who would beat you?
Witness Clock: Either your pimp or the one you looked at."

(TT398-99).

"AUSA Zack: How did you meet the defendant?
Witness Clock: I believe he drove by and we made eye contact, and the he got out of the car and came over and talked to me.
AUSA Zack: Okay. But wasn't that dangerous for you to make eye contact with him? He is a black male.
Witness Clock; He is, but I knew that Jeremiah was in New York, so there wasn't really anything he could do to me."

(TT411-12).

During petitioner Davis's trial, the government called Agent Walther to testify regarding an FBI operation called Innocence Lost and the culture of prostitution in general.  Agent Walther testified, in pertinent part, regarding her familiarity with the vocabulary and culture of prostitution as follows:

"AUSA Zack: When you say there are rules about how they relate to other pimps, what are you talking about?
FBI Agent Walther: Basically a girl is told that she should not date another black male, because he might be a pimp. She is not allowed to make eye contact with another pimp. Because if she does, she is considered to be what they call "out of pocket."  And that will allow the pimp that she has made eye contact with to actually take her and take the money that she has on her, if she has any at that time.  And she becomes his property at that point."

(TT 489).

4

The government also brought it up in their closing argument when AUSA Zack reminded the jury about the rules of the game: "You don't look at another black man.  You don't get out of pocket." (TT 547).

The petitioner submits that his right due process of law as guaranteed by the Fifth Amendment to the United States Constitution was violated when the petitioner entered into an unfair trial.  The petitioner submits that his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution was violated.  Counsel failed to object to repeated references to the petitioner's race.  Counsel also failed to raise an equal protection rights claim as guaranteed by the Fourteenth Amendment to the United States Constitution.  Petitioner was violated when the petitioner's trial turned racial, and counsel did not render aid, which severely prejudiced the petitioner.

See Exhibit "M," HUFFPOST HOME, August 31, 2013 HUFFPOST CRIME Article: Appeal to Racial Prejudice by Prosecutors.

"You've got African-American, you've got Hispanics, you've got a bag full of money.  Does that tell you—a light bulb doesn't go off in you head and say. This is a drug deal?"

Because the defense lawyer, inexplicably, did not object to prosecutor's racially-charged insinuation, the Fifth Circuit Court of Appeals did not disturb the conviction, nor did the court publish its decision in the main digest of federal cases. And because of defense lawyer's failure, the Supreme Court did not grant review. Nevertheless, Justice Sotomayor, joined by Justice Breyer, took the opportunity to write separately to make it absolutely clear that the Court's denial of review did not indicate tolerance for the federal prosecutor's pernicious remark. "By suggesting that race should play a role in establishing a defendant's criminal intent,"  Justice Sotomayor wrote, "the prosecutor here tapped a deep and sorry vein of racial prejudice that has run through the history of criminal justice in our nation."  The prosecutor by arousing the jury's deep-seated prejudice sought to manipulate **the jury to** decide against the black defendant not because he was guilty but because of he was black.  The prosecutor thereby incited the jury as Justice Sotomayor noted, to substitute racial sterotype for evidence, and racial prejudice for reason.

5

Against this backdrop, trial counsel's performance seemed not merely unreasonable, but grossly incompetent. Counsel was deficient in representing the petitioner which prejudiced the petitioner by failing to object to racial prejudice four (4) separate times during a three day trial. Had trial counsel timely objected, there was a reasonable probability that the outcome would have been different. The petitioner's appeal would have been reviewed under a de novo standard of review, and there is a reasonable probability that his appeal would have been different.

See United States v. Grey, 422 F.2d 1043, 1045 (6th Cir.1970), reversal occurred where the United States Attorney asked a character witness, for Grey, whether he knew that "Grey, a Negro, and married man was running around with a white go-go dancer." See Kelly v Stone, 514 F.2d 18,19 (9th Cir.1975), the district attorney's comments that "the next time it might be a little black girl from the other side of the tracks; maybe it will be somebody that you know." Operated to deny the African- American defendant accused of rape the right to a fair trial when combined with two other inapproprite comments was reversed and remanded for a new trial.

See Miller v. North Carolina, 583 F.2d at 707 (4th Cir.1978), prosecutor's statements that " I argue to you that the average white woman abhors anything of this type in nature that had to do with a black man," in a rape case involving an African- American defendant, was a due process violation. Accordingly, the court reversed the district court's judgment and remanded the case for a new trial. The petitioner contends that the purpose and the spirit of the Fourteenth Amendment requires that prosecutions in state court be free of racially prejudicial slurs in arguments 481 F.2d 159. Petitioner Davis was severely prejudiced.

See <u>Fontanello v. United States</u>, 19 F.2d 921,921-27 (9th Cir.1972), "These men are Italian." These remarks tended to create racial prejudice, the judgment was reversed and remanded for a new trial.   In <u>Wither v. United States</u>, 602 F.2d 124 (6th Cir.1979), the U.S. Attorney used racial bias in his closing argument at trial.   The U.S. Attorney comments were not accidental and made unknowingly because he wanted the jury to think about the credibility of the witnesses based on their race, therefore, the district court's order was vacated.   Prosecutorial statement before the jury constituted misconduct that required a reversal in <u>Ross</u>, 180 F.2d 160 (6th Cir.1950).

In <u>United States v. Cabrera</u>, 222 F.3d 590 (9th Cir.2000), the court found the repeated references to the defendants' Cuban Orgin and the generalizations about the Cuban community prejudiced the defendant in the eye of the jury, and the admission of the evidence was plain error.   The conviction reversed because the lead detective injected extranerous, prejudicial material, including impermissible references to the defendants' national orgin which violated the defendants' due process and equal protection rights to a fair trial; case remanded.

See <u>McFarland v. Smith</u>, 611 F.2d 414, 416,419 (2nd Cir.1979), the prosecutor thus urged the jury to credit Officer Dorman's testimony on the theory that the probability of truthfulness was increased by the circumstance that a black person was testifying against another black person.   The court reversed and remanded because the prosecutor's racial remarks were improperly used to persuade the jury to convict. In the course of the prosecutor's summation the following occured:

7

Mr. Pappalardo (the prosecutor...the officer herself being, by the book, a young woman, black woman, by the way this defendant is black.   Racial remarks in a prosecutor's summation can constitute a violation of a defendant's rights under the Due Process Clause to a fair trial. McFarland v. Smith, 611 F.2d 414, 419 (2nd Cir.1979).

See Moore v. Morten, 255 F.3d 95 (3rd Cir. 2001), the prosecutor's theory implicitly represented that a black man's attraction to a white woman is an identifying charateristic, the trial court countered it was " unfair and unreasonable" to infer that the selection of a white victim would help identify Moore.   The prosecutor's "selection" argument cited Moore's marriage to a white woman, arguably raising bias against miscegenation and ugly sterotypes. Racially or ethnically based prosecutorial arguments has no place in our system or justice; this case was remanded for a new trial.

See United States v. Doe, 284 U.S. App.D.C.199,903 F.2d 16,21-29 (D.C. Cir.1990), prosecutor's statement that "Jamaicans [are]..coming in and they are taking over" and repeated references to "they" and "them" in a drug case involving Jamaican defendant was improper.   The petitioner assets that in McCleskey v. Kemp, 481 U.S. 279,309 n.30 (1987), noting that the "United States Constitution prohibits racially bias prosecutorial argument."

See Haynes v. McKendrick, 481 F.2d 152,158-59 (2nd Cir.1973), the prosecutor's statement about defense counsel's "experience with the people of the colored race" and inability to do certain thing maybe are common place for the ordinary person to do.   This case was reversed because it was not free from racially prejudicial slurs in arguments. See ABA Standard for Criminal Justice, Prosecution Function and Defense Function, Standard 3-5.8 (c),p.106 (3d ed. 1993). "A prosecutor should not make arguments calculated to appeal to the prejudices of the jury."

TRIAL COUNSEL'S ASSISTANCE WAS INEFFECTIVE
FOR FAILING TO RESEARCH PRECEDENT CAS LAW
<u>ANDERSON</u>, 560 F.3d 275 (5th Cir. 20009)

In Anderson, 560 F.3d 275 (5th cir. 2009), the Fifth Circuit Court held
that:

Testimony from a prosecution witness stating or implying that persons of the
same race as the defendant are more likely to commit certain crimes is
impermissible, both on constitutional grounds and because its probate value
is outweighed by its danger of unfair prejudice.  The Government contends
that the FBI agent's testimony was elicited for the innocuous purpose of
explaining the behavior of prostitution victims.  The testimony turned racial,
however, the impetus behind this particular line of questioning being that
all pimps are black males, or at least this may well have been the implication
to a reasonable juror.  The testimony should have been excluded.

Id at 284

However, in Anderson, the Fifth Circuit concluded:

"...that the error was harmless.  Because the error implicated Anderson's
constitutional rights we 'must be able to declare a belief that it was harmless
beyond a reasonable dout.'  The impermissible testimony was limited to a few
moments from a single witness that occurred in the course of a five day trial,
the testimony was not mentioned again, and the Government did not allude to
the testimony in its closing argument.  The Government's admissible evidence
against Anderson, on the other hand, was overwhelming.  Former prostitutes
testified regarding Anderson's activity as a pimp.  Physical evidence,
including hotel bills and cell phones, was introduced.  And a police officer
testified that when he pulled Anderson over for a traffic violation and asked
him what his occupation was, Anderson replied that he was a pimp.

Id.                                9

Trial counsel failed to research precedent case law regarding the culture of prostitution and racial prejudice in the U.S. Court of Appeals for the Fifth Circuit. Had trial counsel done so, he would have been able to object to the Government's testimony citing Anderson, 560 F.3d 275 (5th Cir. 2009), a case where the same testimony of the same FBI Agent was deemed to constitute racial prejudice!

Trial Counsel rendered Constitutionally deficient performance by failing to research precedent case law Anderon, supra, which prejudiced the petitioner's trial. Counsel knew or should have known to research the Anderson case regarding prostitution and racial prejudice. Counsel's action of not researching Anderson was clearly Ineffective Assistance of Counsel. Because of trial counsel's deficient performance, petitioner Davis's trial was tainted and the results are unreliable, petitioner was thereby prejudiced.

See Morris v. State of Cal., 966 F.2d 448 (9th Cir.1991), in this case trial counsel's failure to be familiar with the law that being under the influence of methamphetamine was not illegal constituted ineffective assistance of counsel. See Harich v. Wainwright, 813 F.2d 1082 (11th Cir.1987), trial counsel's failure to research and understand the law based on Harich's intoxication defense required an evidentiary hearing.

See also Young v. Zant, 677 F.2d 792,798 (11th Cir. 1982), defendant's right under the Sixth and Fourteenth Amendment were violated when his attorney did not understand bifurcated trial proceeding , in a capital case, conceded guilt and argued unsupported insanity defence. In Herring v. Estelle, 491 F.2d 125 (5th Cir 1974), the court held that by failing to advice the petitioner of how the facts of his case related to the Texas Law of Robbery constituted ineffective assistance of counsel.

See Kennedy v. Maggi, 725 F.2d 269 (5th Cir.1984), holding that the defendant was denied effective assistance of counsel because he was incorrectly advised that the death penalty was available in his case and therefore the defendant's plea was not voluntary.  See Scott v. Wainwright, 698 F.2d 427-30 (11th Cir. 1983), trial counsel's failure to learn the facts and familiarize himself with the law in relation to the plea constitutes ineffective assistance and rendered the guilty plea invalid

See Strickland v. Washington, 466 U.S. 668,687-88,694,104 S.Ct. 2052,2064 74,80 L.Ed.2d 674 (1984), counsel must sufficiently familiarize himself with the facts and law so that he can advice the defendant meaningfully on available option.  This obligation requires the attorney to "make reasonable investigation or to make a reasonable decision that make particular investigation unnecessary."

Petitioner Davis asserts that his Sixth and Fourteenth Amendment rights were violated, because trial counsel did not understand the law, with respect to Anderson and did not research Anderson, which severely prejudiced the petitioner.

See Nealy v. Cabana, 764 F.2d 1173,1177 (5th Cir.1985), the Fifth Circuit Court has recognized that at a minimum, counsel has the duty to interview potential witnesses, research the law, and investigate the facts and circumstance of the case.  See U.S. v. Cavitt, 550 F.3d 430, 440-41 (5th Cir. 2008), holding that a lawyer's duty is to provide that client an understanding of the law and to give competent advice, and that if the lawyer is unfamiliar with the relevant facts and law, the client's guilty plea cannot be knowingly and voluntarily made because it will not represent an informed choice.

11

See Green v. Johson, 116 F.3d 1115, 1122 (5th Cir. 1997), It would be impossible to summarize the many ways in which an attorney's performance might be constitutionally deficient, but the Fifth Circuit had laid out certain guiding principles.  Counsel's basic duty is to "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful."

See United States v. Conley, 349 F.3d 837, 841 (5th Cir. 2003) (quoting United States v Philips, 210 F.3d 345, 348 (5th Cir.2000)), "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attantion," id., but a "conscious and informed decision on trial tactics and strategy" will not be considered deficient unless it is "so ill chosen that it permeated the entire trial with obvious unfairness."

See Hyman v. Aiken, 824 F.2d 1405 (4th Cir.1987), trial counsel's failure to do basic legal research, to review the testimony of key witnesses including his own client, and to be familiar with readily available documents necessary to understanding of their client's case constituted ineffective assistance of counsel.

## TRIAL COUNSEL WAS INEFFECTIVE
## FOR FAILING TO OBJECT TO THE
## PETITIONER'S EQUAL PROTECTION
## RIGHTS VIOLATION

Trial counsel should have never let this case spin out of control by failing to object at trial to petitioner's Davis's equal protection rights violation and the testimony of the government's witness that turned racial. This prejudiced petitioner Davis because his appeal had to be reviewed under the plain error standard of review in which Davis could not prevail. Had counsel timely objected and Davis's appeal been reviewed under a de novo standard of review, there is a reasonable probability that the outcome of the appeal would have been different.

See Miller v. North Carolina, 583 F.2d 701, 707 (4th Cir.1978), a case involving an African-American defendant's due process violation was reversed, because of racial prejudice. See United States ex rel Haynes v. McKendrick, 481 F.2d 152 (2nd Cir.1973), the Second Circuit court ruled that racial rematks in a prosecutor's summation can constitute a violation of defendant's right under the Due Process Clause to a fair trial.

See Johnson v. Rose, 546 F.2d 768 (6th Cir.1976), this defendant was denied fundamental fairness so as to comport with due process requirement. The petitioner contends that the Sixth Amendment and the Fourteenth Amendment guarantee a person accused of a crime the right to the aid of a lawyer in preparing and presenting his defense. Counsel's chief goal desire should have been to understand the law of racial prejudice and prostitution and object to racial slurs. Trial counsel failed at a critical stage to render aid thereby the petitioner was prejudiced. See United States v. Calhoun, 133 S.Ct.1136 (February 25,2013), the Justice wrote, "I hope never to see a case like this again."

13

See United States v. Cannon, 88 F3d 1495,1503 (8th Cir.1996), resulting in a due process violation of prosecutor's references to African-American defendants as "bad people," twice.  The court reversed and remanded for a new trial.  The petitioner contends that he did not receive a fair trial, because trial counsel did not timely object to his equal protection rights violation. Trial counsel's failures to object to racial prejudice and the petitioner's equal protection right was not a strategic decision, it was unreasonable, ineffective and deficient performance, thereby prejudicing petitioner Davis.

. See McCleskey v. Kemp, 481 U.S. 279,309·n.30 (1987), such argumentation is an affront to the Constitution's guarantee of equal protection under the law.  And by threatening to cultivate bias in the jury, it equally offends the defendant's right to an impartial jury.  See Samaad v. City of Dallas, this court held that the heart of equal protection clause is it's prohibition of discriminatory treatment, if a Government actor has imposed unequal burden upon race, it has violated the clause." 940 F.2d 925 (5th Cir.1991).

Notably, trial counsel knew or should have known to object to the petitioner's equal protection right violation.  See United States v. Vue, 13 F.3d 1206, 1212-13 (8th Cir.1994), where defendants were denied due process and equal protection because evidence of likelihood of involvement in opium smuggling of a person of defendant's racial and culture descent invited the jury to consider their race in it determination of guilt, the court reversed the defendants conviction.

Petitioner Davis was greatly prejudiced by trial counsel's Ineffective Assistance of Counsel and his deficiency to object to racial prejudice, racial testimony, and failure to research precedent case law, Anderson, 560 F.3d 275 (5th Cir. 2009), and trial counsel also failed to object to the petitioner's equal protection violation.  Counsel's performance was ineffective and highly

deficient.  See Stickland, 466 U.S. 688,687-88 (1984), the petitioner was thereby prejudiced, because of trial counsel's failures.  Counsel neglected his duties as a counsel guaranteed by the Sixth and the Fourteenth Amendment to the United States Constitution.

First, a competent counsel would have properly researched the culture of prostitution and racial prejudice in the Fifth Circuit Court of Appeals before trial and during trial.  Secondly, the reasonable professional and effective defense action to take was to stand up in trial and verbally object the four (4) separate times that racial prejudicial testimony was used at trial by the Government.

Third, any reasonable counsel would have quoted to the court and jury, precedent case law Anderson, 560 F.3d 275 (5th Cir.2009), a case where the same testimony of the same FBI Agent was deemed to constitute racial prejudice!

Importantly, effective counsel would have realized that the petitioner's equal protection rights were being violated and a competent counsel would have objected four times in a three day trial.  Trial counsel failed to do so, and as a result of trial counsel's deficient performance, the petitioner was severely prejudiced.

Unfortunately, and in violation of the standard of conduct for reasonable counsel, the petitioner's counsel did not adequately prepare himself for trial, counsel should have continuously understood the law and facts of the petitioner's case and equal protection.  See U.S. v Martinez Salazar, 120 S.Ct. 774, 781 (2000), the Supreme Court held that Equal Protection Clause prevents peremptory challenges to remove a potential juror solely on the basis of the juror's race.  See Baston v. Kentucky, 476 U.S. 79 (1986), racial discrimination in petit jury selection.  See United States v. Cruz, 981 F.2d 659, 663-64(2nd Cir.1992), references to the defendants as "the Dominican" and

15

a DEA agent's Testimony about a New York City neighborhood where drug

transactions took place as having "a very high Hispanic population" were

reversible error.

What the record overwhelmingly supports is the fact that the petitioner

Davis trial counsel performed in an unreasonable manner and his failings

allowed the jury to convict on the petitioner's race.  See McMann v.

Richardson, 397 U.S. 759,711 n. 14 (1970) (Sixth Amendment right to counsel is

a right to effective assistance of counsel).  The Sixth Amendment right to

effective assistance of counsel is made applicable to the State's through the

Fourteenth Amendment.  See Gideon v. Wainwright, 372 U.S. 355, 9 L.ED.2d 799,

83 S.Ct.792 (1963). Counsel failed to research precedent case law Anderson,

supra,. Had he done so he would have been able to object to the Government's

testimony using Anderson.  And counsel failed to object to racial prejudice,

and again counsel failed to protect petitioner Davis equal protection rights

to the constitution.  Had counsel objected and petitioner Davis appeal been

reviewed under a de novo standard of review, there is a reasonable probability

that the outcome of the appeal would have been different. Petitioner Davis

pre trial, and trial, and direct appeal was severely prejudiced, because

the petitioner appeal had to be reviewed under the plain error standard of

review which the petitioner could not prevail, thereby prejudicing petitioner

Davis.  Counsel failed to perform his duties in an effective manner.  This

case should be remand for a new trial.

THE SENTENCE IS UNCONSTITUTIONAL BECAUSE PETITIONER
DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS
GUARANTEED BY THE SIXTH AMENDMENT OF
THE UNITED STATES CONSTITUTION

Sentencing counsel failed to provide evidence to overcome reliability of the PSR enhancement evidence.  The district court's decision to apply a five (5) level enhancement for engaging in a pattern of activity involving prohibited sexual conduct was based on the Presentence Investigation Report ("PSR").  The PSR alleged that petitioner Davis had engaged in sexual conduct with R.D., a sixteen-year-old girl, on at least two occassions, and had acted as R.D.'s pimp. All these allegations were allegedly based on the investigative files and reports of the Houston Police Department.

These alleged charges related to the incident were dismissed for unspecified reasons.  An ineffective sentencing counsel failed to investigate these allegations and provide evidence to overcome PSR's information in calculating this enhancement.  Davis was prejudiced by the five (5) level enhancement in that he received a much harsher sentence.

See Conley, 349 F.3d at 842 (5th Cir. 2003), citing and quoting Glover v. United States, 531 U.S. 198,203,148 L.Ed.2d 604, 121, S.Ct.696 (2001), and United States v. Franks, 230 F.3d 811, 815 (5th Cir.2000), finding prejudice where defendant was sentenced under Guidelines range of 70 to 87 months instead of proper 57 to 71 months range.

Had sentence counsel effectively investigated and effectively provided evidence petitioner Davis sentence would have been 151-188 months imprisonment, rather than the 327 months imprisonment he received.  See Exhibit "D," State's Certified Motion to Dismissed RD's allegations.

In this case trial counsel committed several unprofessional error and omissions that amounted to performance below an objective standard of reasonableness for counsel in a criminal case. Petitioner asserts that counsel committed the following errors and omissions:

See Exhibit "A," United States v. Davis, 453 Fed.Appx.452 (5th Cir. December 12, 2011). The Fifth Circuit Court ruled in U.S. v. Davis that:

In order to overcome this presumption of reliability, Davis must provide evidence that these allegations are materially untrue.

Petitioner asserts that trial counsel provided constitutionally ineffective assistance of counsel for: Failing to investigate into the petitioner's background and counsel performed deficient and ineffective for not providing evidence at sentencing to overcome the reliability of the PSR evidence. See Moore v. Johnson, 194 F.3d 586,601,1999 WL 604313, at *29 (5th Cir. 1999), counsel has a duty to investigate the nature of defendant's prior criminal history, especially when evidence of these previous crimes is likely to be raised by the prosecution at trial. Petitioner contends that such unprofessional errors and omissions by counsel constitutes ineffective assistance of counsel.

See Wiggins v. Smith, 539 U.S. 510,523,123, S.Ct. 2527,156 L.Ed.29,471 (2003), The Supreme Court has also explained that a defendant's attorney " has a substantial and important role to perform in raising mitigating factors both to the prosecutor initially an to the court at sentencing. Investigation is essential to fulfillment of these fuctions." Wiggin, 539 U.S. at 524-25 (quoting 1 ABA Standards for Criminal Justice 4-4.1,cmt.p 4-55 (2d ed 1982)). The Wiggins Court went on to conclude that the representation provided by Wiggins attorney fell below the Strickland standard when they failed to expand their investigation beyond the [pre sentence investigation report].

Had sentence counsel investigated beyond the PSR, he would have discovered that the State of Texas dismissed RD's allegations.  And the State provided evidence, see Exhibit "D," the State's Certified Motion to Dismiss RD's allegations.  Furthermore had counsel argued the facts to the judge at petitioner's sentencing hearing and made the evidence part of the record so that the Fifth Circuit Court could review the evidence there is a reasonable probability that the petitioner's sentence hearing would have been different, there is a reasonable probability that petitioner's direct appeal would have been different.

Counsel made no strategic decision at all.  In failing to emphasize the evidence on the record that the allegations of RD' was dismissed by the State of Texas.  And failing to submit evidence, was unreasonable deficient performance.  The Strickland court explained that "counsel has a duty to make reasonable investigations or to make a reasonable decision that make particular investigation unnecessary." 466 U.S. at 691, 104 S.Ct at 2066. See Cook v. Lynaugh, 821 F.2d 1072, 1078 (5th Cir. 1987), finding ineffective assistance with emphasis on fact that failure to investigate was not strategic choice.

See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed. 2d 398 (2000), the Supreme Court held that the defendant's attorneys performed deficiently when "[t]hey failed to conduct an investigation that would have uncovered extensive records graphically describing [the defendant's] nightmarish childhood, not because of any strategic calculation but because they incorrectly thought that state law barred access to such record." id. at 395. Attorneys deficiently performed when they failed to uncover or introduce a "voluminous amount" of available evidence, including that the defendant was "borderline mentally retarded." id. at 396. See Exhibit "M," petitioner's witness Affidavit.

Petitioner attaches hereto his affidavit detailing the facts related to this claim See Exhibit "C" petitioner's affidavit.  Petitioner contends that sentencing counsel violated his Sixth Amendment Right to the United States Constitution.  Because counsel was not effective at pre trial, trial, or sentencing.  Counsel deprived the petitioner of a right to effective assistance of counsel simply by failing to render adequate legal assistance.

Sentencing counsel failing to subpoena or order a single document in search for mitigating evidence.  Petitioner contends that he explained to sentence counsel that RD's allegations were dismissed, and that there is no conviction.  RD told petitioner Davis she was 19-years-old, she lied to state judges about her age many times to serve adult sentences in adult facilities. Petitioner explained to counsel and the court that he was not RD's pimp and they did not have sexual relations.  See Exhibit "G," resentencing transcrpits.

Counsel's deficiencies resulting from his total failure to perform rudimentary trial and sentencing preparation and presentation task.  See Loyd v. Whitley, 977 F.2d 149 (5th Cir. 1992),trial counsel's failure to secure and independent psychological evaluation of defendant and failure to present expert testimony on defendant's mental condition at time of murder, amounted to ineffective assistance of counsel.

See Draughon v. Dretke, 427 F.3d 286, 294-96 (5th Cir.2005), finding counsel deficient for failing to obtain a forensics report to substatiate defendant's testimony about bullet flight path.  See Bouchillon v. Collins, 907 F.2d 589, 597 (5th Cir.1990), "It must be a very rare circumstance indeed where decision not to investigate would be 'reasonable' after counsel has notice of the client's history of mental health problem." It was counsel's own fault of failing to do basic background investigation that led directly to his failure to request evidence and ask specific questions about the petitioner.

See Lewis v. Dretke, 355 F.3d 346, 367-69 (5th Cir. 2004), counsel was constitutionally ineffective by failing to investigate, present mitigating evidence in a capital murder trial of petitioner's abusive father; call petitioner's three sister as witnesses who would have testified that their father beat them all with extension cards, switches, sticks or anything else could find and beat their mother in front of them, required resentencing. See Lockett v. Anderson, 230 F.3d 695, 711-12 (5th Cir. 2000), counsel's failure to investigate and present mitigating evidence based on defendant's mental and psychological abnormalities that seriously affected defendant's ability to control his behavior, and would have caused a reasonable juror to decide that the death penalty was not appropriate, established prejudiced under Strickland.

Counsel severely prejudiced the petitioner with his deficient performance. Sentence counsel knew that Robin Doty, was not on the indictment and that she had not testified in any court of law.  RD repeatedly told the government that she told petitioner Davis that she was 18 years-old. Sentencing counsel was silent at petitioner's sentencing hearing and counsel made no effort to contradict the government's  arguments at petitioner's sentence.  See Exhibit "H" original sentencing hearing.

See Miller v. Dretke, 420 F.3d 356, 361 (5th Cir. 2000), trial counsel's failure to adequately investigate her mental condition, contact her physicians, and present expert medical testimony at the punishment phase of her trial constituted ineffective assistance of counsel.  See Gomez v. Beto, 462 F.2d 596, 597 (5th Cir. 1972), the court reversed the lower court's judgment, finding that the failure of counsel to pursue appellant's request to investigate named alibi witnesses would testify that he was in another city when the crime was committed was ineffective assistance of counsel.

See Nealy v. Cabana, 764 F.2d 1173-1177 (5th Cir.1985), trial counsel's failure to investigate, locate and present potential witnesses' testimony, witnesses amounted to ineffective assistance.  See Exhibit "I" sentence counsel's objection to the five (5) level enhancement.  So counsel knew the government was going to enhance petitioner's sentence he was put on notice but he failed to investigate and provide evidence.

See Ransom v. Johnson, 126 F.3d 716, 723 (5th Cir. 1997), " when counsel is on notice of potential mitigating factors, counsel is no longer justified in relying exclusively on the defendant for information" 30; see also Mauldin v. Wainwright, 723 F.2d 799, 800 (11th Cir. 1984), imposing an affirmative duty on counsel to obtain petitioner's medical records where counsel had reason to believe that petitioner's best defense would rest on mitigating evidence of alcoholism.

A competent and effective sentence counsel would have provided this evidence.  A competent sentence counsel could and should have presented expert testimony at sentencing to help the judge appreciate that the physical evidence.  An ineffective and deficient performing sentence counsel failed in various way to develop and present evidence that could have significantly reduced petitioner Davis sentence.

See Rompilla v. Beard, 545 U.S. 374, 125 S.Ct. 2456,162 L.Ed.2d 360 (2005), the court held that counsel was ineffective for failing to review the state's file regarding the defendant's prior conviction. 545 U.S. at 383-84. This file was important because the state had indicated that it planned to use the defendant's past conviction as evidence of his violent character. id. at 383. Counsel reviewed a part of the file only after being warned twice by the state that it would present a portion of the transcript of the prior victim's testimony. id. at 384. One counsel retrieved the file, he only

reviewed her testimony.  He "apparently examined none of the other material

in the file." id. 385.  Counsel's effort were unreasonable; the file was

readily available, concerned a crime similar to the one charged, and counsel

knew the state would review the file for aggravating evidence.  See Supreme

Court case also, Porter v. McCollum, 130 S. Ct. 447, 175 L.Ed. 2d 398 (2009).

Had sentence counsel investigated in a competent fashion and provided

evidence in a competent fashion at petitioner's sentencing phase, petitioner

Davis sentence would have been 151-188 months imprisonment.  Had sentencing

counsel performed effectively.  See Exhibit "G."

During petitioner's pre trial stage the government was threatening to

use the dismissed allegations of RD.  At that point an effective counsel would

have investigated the allegations.  And once competent counsel discovered the

allegation was dismissed by the State of Texas, because RD was not credible

he would have gathered evidence and supena witnesses .  An effective sentence

counsel would have argued to the judge that there is no conviction in these

state allegations. And the allegation were dismissed 4B1.5 requiere a prior

conviction.  An effective counsel would have provided evidence.  See Exhibit

"J." Evidence that is part of the record.  This sentence is unconstitutional

because of counsel deficient performance.  RD's allegations is not relevant

conduct.  See Exhibit "E."

See Armstrong v. Dugger, 833 F.2d 1430 (11th Cir. 1987), trial counsel

was ineffective at sentencing where he failed to investigate or present

mitigating evidence due to inexperience and counsel's conduct was not a

tactical or stategic decision. See also Martinez v. Quarterman, 481 F.3d 249

(5th Cir. 2007), providing ineffective counsel by inadequately investigating

Temporal Lobe Epilepsy (TLE) as mitigating evidence at the punishment phase.

The petitioner argues the trial counsel's performance fell below an objective standard of reasonableness where counsel failed to provide evidence to overcome the reliability of PSR enhancement evidence.  Had counsel investigated and provided evidence petitioner Davis offense level would have been 30 in Criminal History Category V yielding Guideline rang of 151-188 months imprisonment.  A 151 month sentence is significantly less harsh than the 327 month sentence that petitioner received.  Thus, prejudice under Strickland has been shown.  See Glover, 531 U.S. 198 (2001).  Conley, 349 F.3d at 442 (5th Cir. 2003); Franks, F.3d 811, 815 (5th Cir. 2000).

## CONCLUSION

Therefore, Petitioner Davis respectfully request that the Court reverse his conviction due to the racial prejudice which he suffered.  In the alternative, it is respectfully requested that the Court vacate petitioner Davis's five-level enhancement under U.S.S.G. § 4B1.5 (b)(1).  In a final alternative, the Court hold an Evidentiary  Hearing,Rule 8, so that petitioner may further prove his grounds and Expand the Record, Rule 7, or grant any other relief to which this court deems appropriate.

## CERTIFICATE OF SERVICE

_____, Petitioner, pro se, do hereby certify, pursuant to 28 U.S.C. § 1746, that on this 3RD day of June_____,2014, I have placed a true and correct copy of the foregoing 2255 Motion in the legal mail system for prisoners located herein at the Beaumont- Medium- Federal Correctional, to be forward to the foregoing party: Honorable Clerk, 515 Rusk Houston, Texas 77002.

Respectfully,

_____

I, _Roger Bernard Oaks_____ declare under penalty of
perjury pursuant to 28 U.S.C. § 1746, that the above state facts are true
and correct.

Executed in this ___June 3,_____,2014.

_____

See Exhibt "L." Presentencing Objections

25

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMRERICA, Respondent, | § § | Civl No. _____ |
| vs. | § | Criminal No. 4:09-CR-390-1 |
| BARRY LERNARD DAVIS Petitioner. | § § | |

MOTION FOR DISCOVERY AND PRODUCTION AND PRODUCTION OF DOCUMENTS PURSUANT TO RULE 6 GOVERNING 28 U.S.C. §2255 PROCEEDINGS

TO THE HONORABLE JUDGE:

COMES NOW Barry Lernard Davis, the petitioner, pro se, and respectfully seeks leave from this Honorable Court to conduct discovery and production of documents pursuant to Rule 6(a) & (b) governing 28 U.S.C. §2255 proceedings. Petitioner will show this Court as follows:

1.  Petitioner filed his §2255 motion with detailed facts concerning his claim that defense counsel Peter Justin provided ineffective assistance of counsel because he failed to object to racial prejudice, and failed to research precedent case law United States v. Anderson, and repeatedly failed to object to Davis's equal protection rights violation.  Counsel was ineffective for failing to provide evidence at sentencing to over come the PSR.  There or many phases counsel was ineffective.

2. Petitioner attached to the §2255 motion his affidavit detailing the facts concerning defense counsel Mr. Justin's ineffectiveness related to his failures to object to racial prejudice, and research precedent case law Anderon, and object to Davis's equal  protection, and failure to provide evidence.

3.    This motion seeks leave to conduct discovery, production of documents, and disclosure from the United States of all typed, written, or electronic version of any and all e-mails, letters,memos,or any form of communication from the United States Attorney Office to counsel Peter Justin concerning the petitioners case.   Production and disclosure of these documents will prove petitioner's claim that he was denied effective assistance of counsel, where counsel Mr.Peter Justin failed to prided effective assitance.

4.    Counsel Justin refuses to disclose the case file to Petitioner or ant correspondence from the United States Attorney's Office.   Petitioner seeks disclosure of the entire case file in counsel possession because it will provide the petitioner with the necessary documentation which supports his claim of ineffective assistance of counsel.   Petitioner Davis request all photo, all pictures.

5.    Good Cause is shown because production of the request documents and pictures, photos, will establish the validity of petitioner's constitutional claim that defense counsel Justin provided ineffective assistance for failure object to racial prejudice and, for failure to research case law, failure to object to petitioner's equal protection violation, failure to provide evidence at sentencing.

**VERIFICATION**

I, Barry Lernard Davis hereby certify that I have read this motion and the facts stated herein are correct under penalty of perjury.

Barry Lernard Davis

Case No.4:09-CR-C390-1

## CONCLUSION

WHEREFORE, based in the above, Barry Lernard Davis,
respectfully urges this Honorable court for leave to conduct
discovery and for production of documents pursuant to Rule (6)&(b)
governing §2255 proceedings.

Respectfully submitted on this __3ᴿᴰ__ dat of __June__ ,2014.

_Barry Lernard Davis_
Mr. Barry Lernard Davis
PRO SE REPRESENTATION
Register No. 43653-279
Medium-Beaumont-FCI
Post Office Box  26040
Beaumont, Texas  77720

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing
instrument has been mailed with first class postage prepaid on
this 3ᴿᴰ day of __June__        2014, to 515 Rusk Federal
Building Houston Texas 77002 by hand delivering a copy of the same
to prison officials at Beaumont medium , for processing through
the legal mail system. I hereby execute this certificate under
penalty of perjury pursuant to 28 U.S.C.§1746.

_Barry Lernard Davis_
Barry Lernard Davis
PRO SE REPRESENTATION
Register No. 43653-279
Medium-Beaumont-FCI
Post Office Box 26040
Beaumont, Texas 77720
United States Of America

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| VS. | § | Criminal No. 4:09-CR-390-1 |
| | § | Civil No._____ |
| BARRY LERNARD DAVIS | § | |
| Movant. | § | |

MOTION FOR EXPANSION OF RECORD

TO THE HONORABLE JUDGE:

COMES NOW Barry Lernard Davis, the movant, pro se, and respectfully files this motion for expansion of the record pursuant to Rule 7(b) governing 28 U.S.C.§2255 proceedings.

Movant moves for expansion of the record to include all Exhibits and Affidavits attached to his 2255 motion and Memorandum Brief.  The Exhibit and Affidavits have been served on the opposing party and should include within the record in accordance with Rule 7 governing §2255 proceedings.

WHEREFORE, Based on the above Barry Lernard Davis, the Movant urges this Honorable Court to grant this motion for expansion of record.

Respectfully submitted on this ___3ᵗ'⁰___ day of ___June___ ,2014.


PRO SE REPRESENTATION
Barry Lernard Davis
Register No. 43653-279
Medium-Beaumont-FCI
Post Office Box  26040
Beaumont, Texas 77720
United States Of America

<u>VERIFICATION</u>

I, _Barry Lernard Davis_, herby verify under penalty of perjury that I have read this document and the facts stated therein are true and correct to the best of my knowledge and memory. See 28 U.S.C. §1746. Executed on this _3RD_ day _of June_ 2014.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of this foregoing instument has been mailed first class postage prepaid on this _3RD_ day _June_ 2014, by depositing in the institutional legal mail address correctly to: 515 rusk, Houston Texas 77002.

Executed under penalty of perjury on this _3RD_ day _June_, 2014.

_Barry Lernard Davis_
BARRY LERNARD DAVIS
Register No. 43653-279
Beaumont (Medium) FCI
Post office Box  26040
Beaumont, Texas  77720
United States Of America

30

Barry Lernard Davis
Register No. 43653-279
Medium-Beaumont-FCI
Post Office Box 26040
Beaumont, Texas 77720

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff | § |
| | § |
| v. | §   Criminal No. 4:09-CR-390-1 |
| | §   Civil No. _____ |
| BARRY LERNARD DAVIS Movant. | § |

## MOTION REQUESTING EVIDENTIARY HEARING

TO THE HONORABLE JUDGE:

    COMES NOW Barry Lernard Davis, the petitioner, pro se, and respectfully moves this Honorable Court for an evidentiary hearing pursuant to Rule 8, governing 28 U.S.C.§2255 proceeding.

    Subsection (b) of section 2255 states: Unless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of facts and conclusion of law with respect thereto. 2255(b). This language is intended to incorporate the standard governing evidentiary hearing in habeas corpus case that were articulated by the Supreme Court in Townsend v. Sain, 372 U.S. 293,312,83 S.Ct.745,756,9 LEd.2d 770 (1963).

    In Townsend, the Supreme Court held that the district court must hold an evidentiary hearing (1) if the prisoner alleges facts that, if true, would entitle him to relief; and (2) the relevant facts have not yet been reliable found after a full and fair hearing. Id., 372 U.S. at 31213, 83 S.Ct at 757.

Actual proof of those facts alleged in the motion is not required in order to demonstrate entitlement to a hearing. The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only allege, not prove, reasonable specific, nonconclusory facts that, if true, would entitile him to relief. Aron v. United States, 291 F.3d 708,715 n.6 (11th Cir.2002).

Thus, if the record of the case does not conclusively show that under no circumstances could the movent established facts warranting relief to 28 U.S.C. §2255; the movant must be afforded a hearing in the district court. See Fontaine v. United States, 411 U.S. 213,215,93 S.Ct. 1461,1463,36 LEd. 2d 169 (1973). See Aron, 219 F.3d at 715 n.6 (if the Movant) allegation are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an Evidentiary hearing. The petitioner asserts he is entitled to an evidentiary hearing, because the facts he alleged, will provide him with the relief he is entitled to.

## CONCLUSION

WHEREFORE, Based on the above Davis, the petitioner request an evidentiary hearing to resolve the disputed facts.

Respectfully submitted on this __3RD__ day of __June__ ,2014.

PRO SE REPRESENTATION
Barry Lernard Davis
Register No. 43653-279
Medium-Beaumont-FCI
Post Office Box 26040
Beaumont, Texas 77720

32

## VERIFICATION

I, Barry Lernd Davis                    , hereby verify under the penalty

of perjury that I have read this document and the facts stated therein are

true and correct to the best of my knowledge and memory.  See U.S.C.§1746.

Executed on this ___3 RD___ day June_____ 2014.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing

instrument has been mailed first class postage prepaid on this__3 RD____

day_June_____ 2014, by depositing in the Institutional Legal mail

address correctly to:

515 Rusk, Houston, Texas 77002.

Executed under penalty of perjury on this ___3 R.D_____ day June____,

2014.


Mr. BARRY LERNARD DAVIS
Register No. 43653-279
Medium-Beaumont-FCI
Post Office Box  26040
Beaumont, Texas 77720
United States of America

33

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| BARRY LERNARD DAVIS<br>    Movant-Petitioner, | §<br>§<br>§ Criminal No. <u>4:09-CR-390-1</u> |
| vs. | § |
| UNITED STATES OF AMERICA<br>    Respondent. | § Civl No. _____<br>§ |

## MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY

TO THE HONORABLE JUDGE:

COMES NOW Barry Lernard Davis, the movant-petitioner, pro se, and respectfully moves this Honorable Court pursuant to 28 U.S.C. §2253 (c)(2) to issue a Certificate of Appealability ("COA") authorizing Mr. Davis to appeal the denial of his 28 U.S.C.§2255 motion to vacate, set aside correct sentence. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484,120 S.Ct.1595,146 L.Ed.2d 542 (2000); <u>Miller-Elv. Cockrell,</u> 537 U.S.322,123 S.Ct 1029,1039,154 L.Ed.2d931 (2003).

### STATEMENT OF JURISDICTION

Jurisdiction to issue a COA is invoked pursuant 28 U.S.C.§2253 (c)(2); and 2255.

### A. Legal Standard for Certificate of Appealability

In <u>Henry v. Cockrell,</u> 327 F.3d 429,431 (5th Cir.2003), the Fifth Circuit explained that: Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must obtain a certificate of appealability (COA) before he can appeal the district court decision. 28 U.S.C. §2253(c)(1). A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.§2253(c)(2). In order to make a

34

substantial showing, a petitioner must demonstrate that a "reasonable jurist would find the district court's assessment of the constitutional claim debatable or wroung." <u>Slack v.McDaniel,</u> 529 U.S. 473,484,120 S.Ct.1595,146 L.E.d.2d 542 (2000). When the district court has denied a claim on procedural ground, then the petitioner must demonstrate that a jurists of reason would find it debatable whether the district court was correct in its procrdural ruling." **id**. As the Supreme made clear in its decision in <u>Miller-Elv.Cockrell</u>,537 U.S.322,123 S.Ct.1029,1039,154 L.Ed.2d 931 (2003), a COA is " jurisdictional prerequisite," and "until a COA has been issued, the federal court of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioner." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that deate." id. at 1042.

With this overview of the legal standard for issuance of a COA, Mr. Davis will proceed with his constitutional claims and show how they're debatable among jurist of reason.(emphasis added). The petitioner respectfully request a COA is granted for all the following claims listed in this motion to vacate, set aside or correct his sentence, which are: (I)

Ineffective assistance of trial counsel for failure to object to racial prejudice testimony at trial.

(1) Davis's equal protection rights were violated when the government's trial testimony of their witness regarding the culture of prostitution turned racial.

(2) Trial counsel failed to research precedent case law regarding

the culture of prostitution and racial prejudice in the U.S. court
of Appeals for the Fifth Circuit. Had he done so he would have
been able to object to the government's testimony using Anderson,
560 F.3d 275(5th Cir.2009), a case where the same testimony of the
same FBI Agent was deemed to constitute racial prejudice.

(3) Trial counsel's failure to object at trial to Davis's equal
protection rights violation and the testimony of the government's
witness that turned racial prejudice Davis because his appeal had
to be reviewed under the plain error standard of review in which
Davis could not prevail. Had counsel objected and Davis's appeal
been reviewed under a de novo standard of review, there is a
reasonable probability that the outcome of the appeal would have
been different.

(II) Sentence counsel failed to provide evidence to overcome
reliability of the PSR enhancement evidence.

(1) The district court's decision to apply a five(5) level enhance-
ment for engaging in a pattern of activity involving prohibited
sexual conduct was based on the Presentence Investigation Report

(2) The PSR alleged that Davis had engaged in sexual conduct with
RD, a sixteen-year-old girl,on at least two occassions, and had acted
as RD's pimp.

(3) All of these allegations were allegedly based on the investigative
files and reports of the Houston Police Department.

(4) These alleged charges related to the incident were dismissed
for unspecified reasons.

(5) An ineffective sentencing counsel failed to investigate these
allegations and provide evidence to overcome PSR's information in

calculating this enhancement.

(6) Davis was prejudiced by the five(5) level enhancement in that he received a much harsher sentence.

## CONCLUSION

WHEREFORE, Based on the above, Mr. Davis, urges this Honorable Court issue a certificate of appealability authorizing Mr. Davis to appeal the district cout's denial of his constitutional and procedural claims presented herein.  Alternatively, grant the COA and remand for further preoceedings.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY That a true and correct copy of this forgoing instrument has been mailed with first class postage prepaid affixed thereto on this 3RD day of June 2014, by hand delivering a copy of the same to the mailroom staff at the Beaumont Institution, for processing through the internal legal mail system address to 515 Rusk, Houston Texas 77702.

Executed on this 3RD day of June 2014.

Mr. Barry Lernard Davis
Register No. 43653-279
Medium-Beaumont-FCI
Post Office Box  26040
Beaumont, Texas 77720
United States Of America

37

## VERIFICATION

I, _____, hereby verfy

that I have read this motion and the facts stated herein are

true and correct under penalty of perjury.

Mr. BARRY LERNARD DAVIS
Register No. 43653-279
Beaumont-Medium-FCI
Post Office Box  26040
Beaumont, Texas 77720
United States Of America

38