MR. BARRY LERNARD DAVIS
REGISTER NO. 43653-279
MEDIUM BEAUMONT FCI
POST OFFICE BOX 26040
BEAUMONT, TEXAS 77720

United States Courts
Southern District of Texas
FILED

NOV 2 1 2014

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA.<br>        Respondent, | § | Civil No. 4:09-cr-00390 |
| VS. | § | |
| BARRY LERNARD DAVIS<br>        Movant. | § | Criminal No. 4:14-CV-01631 |

REPLY TO UNITED STATES' ANSWER TO MOVANT'S
28 U.S.C. § 2255 MOTION TO VACATE. SET ASIDE OR CORRECT

TRAVERSE

TO THE HONORABLE JUDGE MELINA HARMEN:

COMES NOW Barry Lernard Davis, the Movant, pro se, and respectfully files this Reply to the United States' Answer to Movant's 28 U.S.C. §2255 Motion, pursuant to Rule 5 governing § 2255 proceeding. Movant stand firmly on all points raised in his initial § 2255 motion and memorandum brief. This Reply will address only the points raised in the United States' Answer/ Response that requires a Reply.

APPLICATION OF THE LIBERAL CONSTRUCTION DOCTRINE

As a pro se petitioner, incarcerated in federal prison and without the benefit of formal training as an attorney, Davis is entitled to and contemporaneously invokes the full measure of the liberal pleading and construance doctrine first fully expressed in Estelle v. Gambe, 429 U.S. 97 (1976). The doctrine obliges this Court to apply the law liberally and with a duty of construance under any provision or practice which would be most beneficial for the relief being sought regardless of couching by the pro se pleader.

Page 1 of 30 pages

As a result of Davis, pro se status, the instant Motion and Memorandum of law must be held to less stringent standard than those drafted by attorneys. Further, the allegations raised herein must be taken as true and consequently construed in light most favorable to Movant Davis, position in any issue not specifically rebutted or waived by respondent.

## PROCEDURAL DEFAULT DOCTRINE

The procedural default doctrine never applies to a claim of ineffective assistance of counsel, even if that claim could have been raised on appeal. See **Massaro v. United States,** 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

REPLY TO

See Section 4B1.5 Repeat and Dangerous Sex Offender Against Minors

(a)  In any case in which the defendant's instant offense of conviction is covered sex crime ; §4B1.1 (career offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction:

(b)  Determination of Pattern of Activity-

(i)  In General For purposes of subsection(b), the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasion, the defendant engaged in prohibited sexual conduct with a minor

See United States Fifth Circuits opinion No.1020792

Davis correctly points out that his alleged misconduct with RD did not occur during his offense of conviction, as it was alleged to have happened on and before February 22, 2005, while his charged conduct with CM occurred from on or about June 1, 2006 to September 22, 2006.  The government does not argue, either on appeal or before the district court, that a different definition for"revelant conduct" is provided under the guidelines or is clear from context.  " Indeed, the government failed to provide any response to Davis's argument on this point.

The Government misconstues this Law and the facts of this case.
4B1.5 (b)(1)

## REPLY TO: MOTION FOR SUMMARY JUDGMENT: APPLICATION OF THE LAW TO THE FACTS

The United States' response, and request for summary judgment is baseless and frivolous.  The United States' present no genuine issue as to any marterial fact, and, Mr. Davis, is entitled to relief as a matter of law.

Mr. Davis the Movant, objects to the government's procedural abuse, and, the government's response, and, summary judgment motion should be denied. Mr. Davis has genuine issues for trial: Trial Counsel failed to object to racial prejudice during trial.  Sentencing Counsel, failed to provided evidence at sentencing to overcome the PSR.

The results of counsel's failures, Mr. Davis was prejudice, and, Mr. Davis Fifth, Sixth, and Fourteenth Amendment Rights were violated to the United States Constitution. Movant Davis has shown genuine issue for trial.

The United States' failed to produce an affidavit from trial counsel. And, failed to submit any proof concerning it's denial of the facts stated in Mr. Davis's 2255 or Exhibits and his claims for relief.  The government's summary dismissal is ;inappropriate. See Dillon v. Roger, 596 F.3d 260 (5th Cir. 2010), the court vacted, the grant of summary judgment for defendants and Remanded the case for discovery and further development of this record.

---

See Groseclose v. Bell, 130 F.3d 1161 (6th Cir. 1997), Counsel's failure to put on any meaningful mitigating evidence at sentencing was ineffective assistance of counsel.

See Albor v. Montford, 517 F.3d 1259,1252 (11th Cir. 2008), Pro Se pleading are to less stringent standard than those drafted by lawyers, and thus, are entitled to liberal construction.

The Fifth Circuit refutes the government's response. But demonstrates Mr. Davis's counsel prejudice, Mr. Davis, and, his defense.  Mr. Davis supported his claims with affidavits under penalty of perjury.  The government failed to dispute these facts which entitles Mr. Davis to relief.

The government position claiming "the Strickland test for prejudice is consistent with the plain error standard for prejudice." They are two (2) different standards:

> To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both(1) that his counsel's performance was deficient, ie., the performance fell below and objective standard or reasonableness; and (2) that he suffered prejudice as a result of that deficient performance. id at 687. A court need not " address both components of the inquiry if the defendant makes an insufficient showing on one." id. at 697.  The petitioner bears the burden of proof on both prong of the Strickland test.

Plain Error reads:

> Under the plain error standard, we will reverse only if; (1) there is error (2) that is plain, (3) that affected the defendant's substantial rights, and(4) that seriously affected the fairness, intergrity, or public reputation of judicial proceeding.

Contrary to the United States' belief's the District Court, trial counsel, nor any other court has resolved, Mr. Davis's ineffective assistance of counsel claims, the record has not been fully developed United States v. Cantwell,470 F3d

_____

Calhoun v. United States, 133 S.Ct. 1136 (February 25, 2013), I Hope I never to see a case like this again.    [Statements of Justice SOTOMAYOR, with whom Justice BREYER Joins.]

1087, 1091 (5th Cir. 2006). The government's bald claims does not withstand scruntiny, and, is unsupported by the record. Because Mr. Davis's claims has not been resolved under ineffective assistance of counsel.

The Supreme Court has emphasized that a 28 U.S.C. §2255 motion is the preferred method for raising a claim of ineffective assistance of counsel. See Massaro v. United States, 538 U.S. 500 (2003). This is Mr. Davis first 2255 motion, and it is his constitutional right to be heard on this 2255 motion Mr. Davis's Counsel was ineffective, resulting in Davis's constitutional rights being violated; during pre trial, trial, sentencing, and, direct appeal. Because of an ineffective counsel; a fair minded jurist would agree.

There are countless amounts of cases that have overvome the"case law," See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000), the Supreme Court has explained that a "ground" for collateral relief is 'a sufficient legal basis for granting the relief," and identical ground may often be proved by different factual allegations. Sander, 373 U.S. at 16,83 S.Ct. at 1077(1974), the Supreme Court cautioned, "should doubts arise in particular case as to whether two grounds are different or the same, they should be resolved in favor of the applicant.

---

United States v. Macedo, 406 F.3d 778, 790, (7th Cir.2005), It is a miscarriage of justice to give a person an illegal sentence that Increases his punishment, just as it is to convict an innocent person. The five (5) level enhancement affected Mr. Davis's Substantial Right's. The States's Certified Motion to Dismiss RD's allegation (evidence) has no been heard, never adjudicated on the merits. See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931, 185 L.Ed.2d 1019 (2013)

The Fifth Circuit concluded that the district court erred in holding
that the Ochoa's ineffective assistance of counsel claim based upon Perez'
alleged conflict of interest was previously denied on the merits in United
States v. Ochoa-Vasquez, 428 F.3d 1015 (11th Cir. 2005) (OchoaI). In
United States v. Ochoa-Vasquez, 179 Fed.Appx.572, 2006 WL 68792 (11th Cir.2006)
(Ochoa II) VACATED AND REMANED.

Mr. Davis claims or firmly grounded in the record, and will be supported
through discovery, if allowed by this Honorable Court.  The respondents point
to no authority to support it's position. Thus put fourth no evidence, and
failed to point out Mr. Davis's Certified Motion to Dismiss RD's frivolous
allegations, See Exhibit "D".

The Fifth Circuit's opinion , refutes the government's response :

> In order to overcome this presumption of reliability, Davis
> must provide evidence that these allegations are materially
> untrue.  See Exhibit, "A."

Mr. Davis fully advised counsel about evidence and it's significance,
and, Mr. Davis would have allowed sentencing counsel to present the evidence
at sentencing.  Mr. Davis would have testified at sentencing if counsel
would have informed him that he could testify a a Federal Sentencing hearing.

Herein ineffective assistance of counsel was not resolved at no stage, in
no court.  Mr. Davis is entitled to summary judgment GRANTING relief on all
his claims

---

McMann v. Richardson, 397 U.S. 759 (1970).

Reply To :     FAILURE TO INVESTIGATE AND FILE A MOTION TO SUPPRESS
ILLEGALLY SEIZED EVIDENCE

Trial Counsel's performance fell below an objective standard of reasonableness

because he failed to investigate the illegal stop, search and seizer. Mr. Davis

pounded counsel to file a motion to suppres,the illegal evidence.  Counsel only

objected at trial, but the illegal evidence prejudice in the minds and hearts

of the jury..

FBI Agent(s) erraticly sped pas Mr. Davis, slamming on there brakes of

there black (SUV). Mr. Daivs stoped, and next the FBI Agents forced Mr. Davis

out of his car at gun point, the agents did I.D. themselves as agents.  This

action by law enforcement violated movant's Fourth Amendment Right.  See

Katz v. United States, 389 U.S. 347, 19 L.Ed.2d 576,88 S.Ct. 507 (1967).

Searches conducted without warrant have been held unlawfull  "notwithstanding

facts unquestionably showing probable case."  FBI Fransen admittedly open

the trunk of my car an started searching, it witnessed him from the insides

of the (SUV).  FBI Fransen did not have Mr. Davis consent to search his car.

FBI Agent Fransen begain to search the insides of Mr. Daivs's car without

his permission.  Agnello v. United States, 269 U.S. 20, 33,70 LEd. 145, 149,46

S.Ct. 4, 51 ALR 409,, for the Constitution requires "that the deliberate,

impartial judgment of judicial officer.. be interposed between the citizen and

the police.." Wongsun v. United States, 371 U.S. 471, 481-82 9 L.Ed.2d 441, 451,

83 S.Ct. 1076. "Over and again this Court emphasized that the mandate of the [

[Fourth] Amendment requires adherence to judicial processes." United States v.

Jeffers, 342 U.S. 48, 51, 96 LEd. 59, 64, 72 S.Ct. 93, and that search conducted

outside the judicial process, without prior approval by judge or magistrate,

are per se unreasonable under the Fourth Amendment subject only to a few

specifically established and well-delineated exception. See Katz, 389 U.S.at 357.

4:09-CR-00390

Mr. Davis car was drove by FBI Agent to the FBI station, while mr. Daivs

was driven in handcuffs to the FBI station aswell.  Nicole Clock, testified

that, Mr. Davis Car was "pushed by FBI Agent. All these agent could have

testified at the suppression hearing.  FBI Agent Frasen told me he "would

call the cop for weed," if I did not sign the consent.  So I signed it.

Mr. Davis informed counsel about these facts and the FBI had video cambras

on their building recording the search of the car.  Mr. Davis contends he

was coerced into signing the consent to search form.

Had counsel investigated the illegal search and seizure and filed a motion

to suppress, there exists more than a reasonable probility that the results

of the proccedings  would have been different and the evidence would have been

suppressed.  See Kimmelman, 477 U.S. at 383, n.7. 106 S.Ct.at 2587.n7. See

Martin v. Marey, 98 F.3d 844 (5th Cir. 1996), and, Kirkpartrick v. Blackburn,

777 F.2d 272 (5th Cir. 1985).

## VERIFICATION

Movant, BARRY DAVIS, BEING FIRST SWRON UNDER oath, states that I have
sined the above Petition, that I have read and under stand the contents of the
Petition, and that the statement therein are true and correct to my best know-
ledge and belief.  §1746.

*Barry Bernard Davis*

## PRAYER FOR RELIEF

Movant Davis, respectfully request this Court vacate and set aside Movant's
conviction and sentence and order the respondents to release and remove all
restraints, confinement or other legal infirmity currently place upon Movant
Davis as a result of the challenged conviction and sentence.

*Barry Bernard Davis*

BARRY DAVIS (PRO SE)
REGISTER NO. 43653-279
MEDIUM BEAUMONT FCI
POST OFFICE BOX 26040
BEAUMONT, TEXAS  77720

REPLY TO:    INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE
             TO OBJECT TO RACIAL PREJUDICE TESTIMONY AT TRIAL

Contrary the United States' Response/ Answer, this is Movant Davis's first time on 2255 proceedings seeking collateral relief.  Davis's equal protection rights were violated when the government's trial testimony of their witness regarding the culture of prostitution turned racial.

Trial counsel failed to research precedent case law regarding the culture of prostitution and racial prejudice in the U.S. Court of Appeals for the Fifth Circuit.  Had he done so he would have be able to object to the govenment's testimony using United States v. Anderson, 560 F.3d 275 (5th Cir. 2009). a case where the same testimony of the same FBI Agent was deemed to constitute racial prejudice.

Trial counsel's failure to object at trial to Davis's equal protection right violation and the testimony of the government's witness that turned racial, prejudiced Davis because his appeal had to be reviewed under the plain error standard of review in which Davis could not prevail.  Had counsel objected and Davis's appeal been reviewed under a de novo standard of review. there is a reasonable probability that the outcome of          the appeal would have been different.

Blatant racial prejudice continues to infest the system.  See,e.g. Miller El v. Dretke, 162 L.ED. 2d 196 (2005). Davis, respectfully request that the Court reveres his conviction due to racial prejudice which he suffered.

The cumulative effect of the constitutional infirmities described herein deprived Movant Davis of his rights to a fair trial proceeding, in violation of the Due Process Clause of the Constitution of the United States and the State Of Texas Constitution.

Case 4:14-cv-01631   Document 11   Filed in TXSD on 11/21/14   Page 10 of 29
pages 10 of 30 pages
4:09-Cr-00390

See Movant Davis's trial transcripts ware trial counsel was ineffective as a matter of law, as follows:

"AUSA Zack: Let's talk about that, the rules of the game. When you refer to "the game," what are you talking about?
Witness Clock: The pimping and the rules of the game.
AUSA Zack: There is a defined set of rules?
Witness Clock: Yes.
AUSA Zack: How did you learn those rules?
Witness Clock: Through your pimp.
AUSA Zack: And do the pimps talk to each other?
Witness Clock: Yes.
AUSA Zack: Can you give me an example? What are some of the rules that these pimps would have?
Witness Clock: You can't look at other black men. All the money goes to them.
AUSA Zack: let's slow down. Why can't you look at other black man? I would assume there is a reason for the rule; is that correct?
Witness Clock: Yes.
AUSA Zack: Why can't you look at other black men?
Witness Clock: Because they are afraid that they will lose you for the next black man.
AUSA Zack: How is that possible?
Witness Clock: they could be cuter. They could be nicer. They could be more suave, I guess.
AUSA Zack: What if you look at them, what would happen?
Witness Clock: Sometimes you would get in trouble like, getting your ass beat.
AUSA Zack: Who would beat you?
Witness Clock: Either your pimp or the one you looked at."

"AUSA Zack: How did you meet the defendant?
Witness Clock: I believe he drove by and we made eye contact, and then he got out of the car and came over and talked to me.
AUSA Zack: Okay. But wasn't that dangerous for you to make eye contact with him? He is a black male.
Witness Clock: he is, but I knew that Jeremiah was in New York , so there wasn't really anything he could do to me."

Davis, respectfully request that the Court reverse his conviction due to racial prejudice which he suffered.

---

Racial Prejudice statment(s) about, "looking at black man," were not excluded by trial counsel, or, the District Court.   Movant Mr. Davis fully contends that he would have allowed counsel to object to all racial prejudice statement(s).

"AUSA Zack: When you say there are rules about how they relate to other pimps, what are you talking about?
FBI Agent Walther: Basically a girl is told that she should not date anther <u>black male</u>, because he might be a pimp. She is not allowed to make eye contact with another pimp. Because if she does, she is considered to be what they call "out of pocket." And that will allow the pimp that she has made eye contact with to actually take her and take the money that she has on her, if she has any at that time. And she becomes his property at that point."

Trial counsel failed below, the Strickland test, at closing argument when AUSA Zack reminded the jury about the rules of the game. Trial counsel did not object to " " You don't look at another <u>black man</u>. You don't get out of pocket."

See <u>Donnelly v. DeCristoforo</u>, 416 U.S. 637 (1974), A denial of due process occurs when "there is a reasonable probability that, but for prosecutor's offending remarks, the outcome of the...[proceeding] would have been different.

The ABA prescribes that counsel "inform himself or herself fully on the facts and the law, [and  that she[ advise the accused with complete candor concerning all aspects of the case." (3d ed. 1993).

Had trial counsel researched precedent case law <u>Anderson</u>, 560 F.3d 275 (5th Cir. 2009). Counsel would have been able to object to the government's testimony.  See <u>United States v. Juarez</u>, 672 F.3d 381, 387 (5th Cir. 2012) Defendant was prejudiced because legal authority at the time of his guilty plea suggested that legal permanent resident status might not have been required under § 1432 (a) (5) in order to establish derivative citizenship.  The district court's judgment was reversed and remanded.

See Similar case  <u>Frazer v. U.S.</u> F.3d 778 (9th Cir.1994), Trial Counsel verbally assaulted defendant, used racial comments toward defendant and threaten to compromise defendant's rights in order to induce a guilty plea required an evidentiary hearing to resolve ineffective assistance of counsel claim.

The fact that Davis's substantial rights were affected that <u>Strickland</u>
<u>prejudice</u> prong has been met.   The <u>prejudice</u> Movant Davis's suffered was
had trial counsel objected to racial prejudice at trial, and had counsel
researched precedent case Law <u>United States v. Anderson</u>, 560 F.3d 275(5th Cir.
2009) Had he done so he would have been able to object. Had counsel objected
and Davis's appeal been reviewed under a de novo standard of review, there is a
reasonable probability that the outcome of the appeal would have been different.

See <u>United States v. Burton</u>, 575 F. Supp. 1320 (E.D. Texas 1983), Defense
Counsel must be familiar with the laws and facts of the case in order to provide
effective assistance of counsel.

See Exhibit, Affidavit of truth of BARRY LERNARD DAVIS.   I,Barry Lernard
Davis, state that trial counsel Mr. Justin failed to object to racial prejudice
statements during Movants Davis's trial.  When Witness Nicole Clock, told the
jury, The <u>black man</u>," every jury member turned towards Davis and frowned with
deep anger.  When FBI Agent Walther Stated to the jury, the <u>black male</u>, every
jury member looked at me and frowned.  When AUSA Zack remined the jury at
closing arguments the, "<u>black man</u>," every jury member looked at me and shook
there head and frowned.  An elderly female jury member was so inflamed be the
government's racial prejudice she was crying. At least seven (7) times the jury
looked at Davis and gestured with anger. Movant Davis, witnessed on of the jury
member mumble, "<u>black man</u>."

Movant Davis, submits That his Fifth Amendment to the United States
Constitution was violated. And Davis's Fourteenth Amendments to the United States
Constitution was violated. And Davis's Sixth Amendment to the United States
Constitution was violated. Because of an ineffective counsel who chose to not

---

The Supreme Court put in more than (75) years ago ("[The United States Attorney] may prosecute with
earnestness and vigor- indeed, he should do so.  But, while he may strike hard blows, he is not at
liberty to strike fouls ones.")  There is not place in Federal Court for such conduct.  See
<u>Berger v. United States</u>, 295 U.S. 78 (1935).

not research, and object to racial prejudice. These error were not merely procedural, but substantially infringed upon the Movant's Constitutional Rights. At a minimum, the Movant request a hearing be held on these issues.

See Cudjo v. Ayers, 698 F.3d 752 (9th Cir. 2012), "This woman is going to have inter course with a strange man-frankly any man-a black man, on her living room couch with five year old in the house." A prosecutorial statement, that includes racial references likely to incite racial prejudice violates the Fourteenth Amendment.  This case was Reversed and Remanded.

A short excerpt of the Fifth Circuit's opinion demonstrates, that trial counsel was ineffective as a matter of law, and refutes the claims of the government, requiring a new trial. See Exhibit "B."

> Because Davis did not object to this testimony at trial, our review is for pain error.  To prevail under this standard, Davis must Demonstrate that "(1) there was an error; (2) the error is plain; and (3) the error affected [his] sybstantial rights, was prejudice and affected the outcome of the district court proceeding."  Furthermore, we exercise our discretion to correct such an error only if it " seriously affected the fairness, integrity or public reputation of judicial proceeding." This requires Davis to show a reasonable probability that the alleged error affected the outcome of the trial.  Davis carries the burden of persuasion.  See Exhibit "A."

See Green v. Johnson, 116 F.3d 1125 (5th Cir. 1997), Counsel should endevor to present, solid, meritorious arguments based on directly controlling precedent.  Strickland, 466 U.S. 668 (1984), Counsel is required to research facts and law and raise meritorious arguments based on controlling precedent.

See Similar case  Thomas v. Lockhart, 738 F.2d 304 (8th Cir. 1994), Trial Counsel informed defendant to believe trial would be futile due to racial prejudice rendered defendant's guilty plea involuntary and constituted ineffective assistance of counsel.

4:09-Cr-00390

Plain error review was required because trial counsel failed to object at Movant Davis's trial to racial prejudice.  This resulted in a failure to obtain a more favorable standard of review on appeal, which in turned demonstes deficient behavior.

**Prejudice is seen from the (in) actions of trial counsel.**

Under the second prong, prejudice must be demonstrated by showing that the defense counsel's error were so serious that they rendered the proceedings fundamentally unfair or the result unreliable.  Here, the Government incorrectly centered upon the outcome of the trial.  Its the failure of counsel to properly object and make an adequate record for appeal the demonstrates **prejudice.**

Because of counsels failures, herein, is stark evidence in it self;that a fair minded jurist would find debatable and, thus, a genuine  issue for trail.  The Governments Answer/ Response should be dismissed for failure to state a claim.

---

Frazer v. United States, 18 F.3d 778, 783 (9th Cir. 1994),(presumed prejudice if appointed counsel called defendant "stupid nigger son a bitch" and threaten to provided substandard performance if defendant chose to exercise right to go to trial.)

REPLY TO :    SENTENCE COUNSEL FAILED TO PROVIDE EVIDENCE TO
              OVERCOME RELIABILITY OF PSR ENHANCEMENT EVIDENCE.

The United States' response/ answer is thwarted and unworthy of credence.
Trial Counsel fell below an objective standard of reasonableness because he
failed to provide evidence to overcome reliability of PSR enhancement evidence.

See Apprendi v. New Jersey, 147 LEd. 435 (2000), "Other than the fact of
a prior conviction, any fact that increases the penalty for a crime beyond the
prescribed statutory maximum must be submitted to a jury, and proved beyond
reasonable doubt." Mr. Davis contends that counsel knew RD's allegation was
no a conviction, but counsel chose not to investigate and provide evidence.

Counsel knew Mr. Davis, Sixth Amendment Rights to a jury was violated
by RD'S false allegations. See United States v. Booker, 125 S.Ct. 738, 160
L.Ed.2d 621 (2005), The Supreme Court applied the rule Apprendi to the
guidelines so that "[a]ny fact (other than a prior conviction) which is
necessary to support a sentence exceeding the maximum [mandatory guidelines
range] authorized by the facts established by a plea of guilty or a jury
verdict must be admitted by the defendant or proved to a jury beyond a reasonable
doubt." 125 S.Ct. at 756. The court then held that two make it compatible
with the Sixth Amendment. The five (5) level enhancement prejudice Mr. Davis
and counsel knew it did not reflect a jury verdict, and Mr. Davis has evidence
that he did not have sexual relation with RD, and he did not pose as her pimp.

Counsel failed to investigate and provide evidence, when he knew RD was
not on the indictment; Counsel knew RD was not relevant conduct. See Blackly
v. Washington, 542 U.S. 296, 159 L.Ed.2d 403, 124 S.Ct. 2531 (2004), The
Supreme Court held that the district court sentence exceeding the general
statutory maximum violated the Sixth Amendment because that fact supporting the
the findings of deliberate cruelty had not been neither admitted to by Blakely

nor found by a jury.  The Supreme Court, reversed and remanded for further

proceedings.   Counsel knew that Mr. Davis Due Process Rights were being

violated, and he failed to investigate  and provide evidence.

   If trial counsel would have investigated into the files and reports

of the Houston Police Department; and; effectively provided  evidence,

there exist more than a reasonable probability that Davis's offense level

would have been 30 in criminal history v yielding  guideline rang of 151–

188 months imprisonment.  A 151 month sentence is significantly less harsh than

the 327 month sentence that petitioner received. Thus, prejudice under

Strickland has been shown.  See Glover, 531 U.S. 198 (2001).

## REPLY TO:  SENTENCING COUNSEL FAILED TO PROVIDE EVIDENCE TO OVERCOME RELIABILITY OF PSR ENHANCEMENT EVIDENCE

Much, like the ancient "shell game," the government attempted to shift the focus to matters which are nonresponsive to Mr. Davis's claims in its response.  The opinion of the Fifth Circuit demonstrates both prongs and refutes the claims of the Government.

Sentencing counsel failed to provide evidence to overcome reliability of the PSR enhancement evidence.  The district court's decision to apply a five (5) level enhancement for engaging in a pattern of activity involving prohibited sexual conduct was based on the Presentence Investigation Report (PSR).  The PSR alleged that petitioner Davis had engaged in sexual conduct with R.D., a sixteen-year-old girl, on at least two occassions, and had acted as R.D.'s pimp.  All these allegations were allegedly based on the Investigative files and reports of the Houston Police Department.

These alleged charges related to the incident were dismissed for unspecified resons.  An ineffective sentence counsel failed to investgate these allegations and provide evidence to overcome PSR's information in calculating this enhancement.  Mr. Davis was prejudice by the five (5) level enhancement in that he received a much harsher sentence.

See Lafler v. Cooper, 132 S.Ct. 1376, 1385-86, 182 L.Ed. 2d 398 (2012) ("any amount of actual jail time has Sixth Amendment significance").

Hill v. U.S., 118 F.Supp. 2d 910, 915-16 (E.D. Wis 2000), Counsel's Failure to investigate predicate offense used for Armed Career criminal sentence enhancement, where predicate offenes showed through receipt of discharge Certificate that previous felonies contained no firearm restrictions constituted ineffective assistance of counsel.

See Conley, 349 F.3d at 842 (5th Cir. 2003), citing and quoting Glover v. United States. 531 U.S. 198, 203, 148 L.Ed.2d 604, 121, S.Ct.696 (2001), and United States v. Franks, 230 F.3d 811, 815 (5th Cir. 2000), finding prejudice where defendant was sentence under Guidelines range of 70 to 87 months instead of proper 57 to 71 months range.

Had counsel investigated effectively and provided evidence effectively Mr. Davis offense level would have been 30 in criminal History Category V yielding Guideline Range of 151-188 months imprisoment.  A 151 month sentence is significantly less harsh than the 327 month sentence that petitioner received.  Thus, prejudice under Strickland, has been shown.  See Glover, 531 U.S. 198 (2001). Conley, 349 F.3d at 442 (5th Cir. 2003); Franks, F3d 811, 815 (5th Cir. 2000).

Mr. Davis fuly advised counsel about evidence and it's significance, and, Mr. Davis would have permitted trial counsel to present the evidence at sentencing.  Ineffective Assistance is inconsistent with Due Process of Law, Mr. Davis's Fourteenth Amendment to the United States Constitution was violated because of an Ineffective Assistance of Counsel.  Counsel allowed an unconstitutional sentence; an unfair trial and sentence. Mr. Davis's Sixth Amendment Rights was violated, counsel failed to effectively conduct investigation for sentencing, resulting in a failure to provide evidence.

See Powell v. Colling, 332 F.3d 376, 398,-401 (6th Cir. 2003), Counsel failure to adequately investigate and present mitigating evidence that Karis grew up. "seeing his mother regularly and violently abused by men," during penalty phase in a rape case constituted ineffective assitance of counsel.

Case 4:14-cv-01631   Document 11   Filed in TXSD on 11/21/14   Page 19 of 29
4:09-CR-00390
pages 19 of 30 pages

Here, the opinion from the Fifth Circuit demonstrates that sentencing

counsel was ineffective as a matter of law, requiring resentencing.

> "In order to overcome this presumption of reliability,
> Davis must provide evidence that these allegations
> are materially untrue.  See Exhibit "A,."

See Exhibit "D," States Certified Motion to Dismiss State charges.  The

government does not respond to this motion to dismiss.  Mr. Davis's witness

offers an Affidavit of LINDA LOTT, docket, 167 dated, 08/04/2014. See Exhibit

"M."

> I, Linda Davis Lott, residing at Lanes borough Dr. Missouri City, Texas
> is over the age of 18. I affirm this statement to be true to the best of
> my knowledge and belief.  I hired attorney Peter Justin to represent my
> son (Barry lernard Davis).  during the bond hearing I testified but I
> wasn't asked during sentencing I was willing to testify in my son's
> defense, but Attorney Peter Justin did not inform me; or any the witness
> that could have testified at Federal Sentencing. I wrote a support
> letters along with other family and friends about his charater and
> informed Mr. Justin of the support letters. I would have testified that
> my son has not harmed anyone and that I knew the state charges
> compelling prostitution and sexual assault charges were dismissed.
> Barry showed me the documents that scribbled dismissed, I checked with
> Harris County Clerk Office the clerk said the case was dismissed as well.
> After Barry Davis was found guilty, Peter Justin apologized and referred
> me to another attoney, he said he was soory but he was not familiar
> with Federal Sentencing. Mr. Justin also told me when I visited with him
> that he thought he could get something like (9) nine years for Barry.

Movant Davis contends that in light of Davis's evidence, no juror,

acting reasonably, would have voted to find him guilty beyond a reasonable

doubt.   See simular cases U.S. v. Kissick, 69 F.3d 1048 (10th Cir. 1995).

Also,  Cook v. Lynaugh, 821 F.2d 1072 (5th Cir. 1997).  Unlike these case

the allegations against Davis was dismissed.

---

See Affidavit of BARRY LERNARD DAVIS

See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931, 185 L.Ed. 2d 1019 (2013)

pages 20 of 30 pages                    4:09-CR-00390

Davis is entitled to relief under § 2255 because of the constitutional errors of trial counsel.  More over counsel knew the government intended to enhance Mr. Davis's sentence by five (5) levels of offenses. The government informed counsel. Mr. Davis informed counsel.  counsel failed to investigate and provided evidence.

Trial and sentence proceeding are unreliable and fundamentally unfair. The results would work a complete miscarraige of justice. Murray v. Carrier, 477 U.S. 478 (1986).

The government did not address the merits of either of Mr. Davis constitutional claims of ineffective assistance of counsel which amounted to conceding that the facts stated therein are true.  See Bland v. California, 29 F.3d 1469, 1474 (1994).  Additionally, Mr. Davis established cause for procedural default in his 2255 motion.  Ineffective Assitstance of Counsel is cause for procedural default. See Murray . Carry, 477 U.S. 479 (1995).

Mr. Davis established that he was prejudice by counsel's ineffectiveness as he received 327 months imprisonment as opposed to the 151 months he would have received, absent counsel's unprofessional errors and omissions.  See Glover v. United States, 531 U.S. 198, 148 L.Ed. 2d 607, 611,121 S.Ct. 696 (2001).

<u>REQUESTED RELIEF</u>

WHEREFORE, based on the above, Mr. Davis the Movant's claims are not procedurally barred and this Court must address the merits of his constitutional claims of ineffective assistance of counsel and reduce his sentence to 151 months.

---

See Exhibit "H," Mr. Davis contends that he did not engage in a pattern of activity involving prohibited sexual conduct if on at least Two separate occasions; with no one, including RD. See Exhibit "D," and Affidavit of BARRY DAVIS.

---

pages 21 of 30 pages

Respectfully submitted on this _November_ day of _16th_ 2014.


_[signature]_
PRO SE REPRESENTATION
BARRY LERNARD DAVIS
REGISTER NO. 43653-279
POST OFFICE BOX  26040
BEAUMONT, TEXAS 77720


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing instrument
has been mailed with first class postage prepaid on this _16th_ day of
_November_ to 515 Rusk Houston, Texas 77002.  I hereby excute this
this certficate under penalty of perjury pursuant to 29 U.S.C. § 1746.

_[signature]_
BARRY LERNARD DAVIS

### VERIFICATION

_Barry Lernard Davis_ , hereby verify under
penalty of perjury that I have read this document and the stated therein are
true and correct to the best of my knowledge and memory  See 28 U.S.C. § 1746.


_[signature]_
BARRY LERNARD DAVIS
Register no.  43653-279
Beaumont fci Medium
Post Office Box 26040
Beaumont, Texas

pages 22 of 30 pages

### REPLY TO: MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW BARRY LERNARD DAVIS, the Movant, pro se, and respectfully moves this Honorable Court for Appointment of counsel pursuant to 18 U.S.C. § 3006A, to represent Movant in the 28 U.S.C. §2255 proceeding.

Movant filed a detailed §2255 motion and moved for an evidentiary hearing. The United States filed its reply brief and  there is a factual dispute that should be resolved. Movant will request discovery material from both the United State and prior defense counsel Mr. Peter Justin.

In light of Rule 6 and 8 governing § 2255 proceeding, this Court should appoint Counsel to represent Movant Davis.

### RELIEF REQUESTED

WHEREFORE, based on the above, BARRY LERNARD DAVIS, urges this Court to grant this motion and appoint counsel.

Respectfully submitted on this _16th_ day of _Novem_, 2014.

### CERTIFICATE OF SERVICE

I, _Barry Davis_ Movant, pro se, do hereby certify, pursuant to 28 U.S.C. § 1746, that on this _16th_ day of _Novem_ 2014, I have placed a true and correct copy of the foregoing REPLY TO THE GOVERNMENT"S RESEPONSE in the legal mail system for prisoners located herein at the Beaumont FCI to be forwarded to the foregoing party:  Honorable Clerk, 515 Rusk Houston, Texas 77002.

### RFPLY TO: MOTION FOR EXPANSION OF RECORD _Barry Davis_

Movant Davis pro se and respectfully files this motion for expansion of the record pursuant to Rule 7(b) governing 28 U.S.C. §2255 proceeding. Movant moves for expansion of the record to include Exhibits; A,B,C,D,E,F,H,I,J,K,L,M. And Affidavits of LINDA LOTT, and, BARRY LERNARD DAVIS, have been served on the opposing party and should be included within the record in accordance with Rule 7 governing §2255. Movant Davis Objects to the United States' denial of his motion to Expnand the record.

Movant Davis, avers that he has Constitutional Calims, that are mertorious and the govenment's request to denial these motion should not be granted. The Honorable Court must here Davis's Claims.

<u>RELIEF REQUESTED</u>

**WHEREFORE**, based on the above, <u>BARRY LERNARD DAVIS</u>, the Movant urges this Honorable Court to grant this Motion for Expansion Of Record, to all the cort to see and hear the <u>Facts</u>, that are undisputed by the record.

Respectfully submitted on this _16_ day of _November_ 2014.

CERTIFICATE OF SERVICE

I,_____ Movant, pro se, do hereby certify, pursuant to 28 U.S.C. §1746, that on this _16_ day of _Nov_ 2014, I have placed a true and correct copy of the foregoing MOTION TO EXPAND TO RECORD in the legal mail system for prisoners located here at the Beaumont FCI, to be forward to: Clerk of the Courts 515 Rusk Houston, Texas 77002.

**REPLY TO: MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR AN EVIDENTIARY HEARING ON 28 U.S.C. § 2255 MOTION**

COMES NOW BARRY LERNARD DAVIS, the movant, pro se, and respectfully files this memorandum brief in support of his motion for an evidentiary hearing, pursuant to **Rule 8**, governing 28 u.S.C. § 2255 proceedings.

This court is face with conficting affidavits and based on disputed factual issues in this §2255 proceedings. <u>Contested factual issues may not</u> be decided on the basis of affidavits alone unless affidavits are supported by other evidence in the record. <u>United States v. Hughes</u>, 635 F.2d 449, 451 (5thCir.1981). When facts are at issue in a 2255 proceeding, a hearing is required if:(1) the record, as supplemented by the trial judge's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for §2255 relief; and(2) the movant would be entitled tp post-conviction relief as a legal matter if his factual allegations are true. <u>Friedman v. United States</u>, 558 F.2d 1010,1015 (5th Cir.1979); see <u>United States v Briggs</u>, 939 F.2d 222, 228 (5thCir.1991).

Movant Davis has identified factual disputes with respect to his ineffective assitance of counsel claims that cannot be decided on the basis of these affidavits alone.  See Huges, 635 F.2d at 451.  Therefore, the motions, files, and records in this case do not show conclusively that Davis is not entitled to relief on his claim of ineffective assistance of trial counsel. See § 2255. See also Fontaine v. United States, 411, U.S. 213, 36 L.Ed.,2d 169,93 S.Ct.1461 (1973).  Movant Davis Replies with complete specificity to the United States Response Motion. Davis's Constitutional Rights were Violated when trial counsel failed to object to racial prejudice.  Movant Davis objects to the Government's Response.

## RELIEF REQUESTED

WHEREFORE, based on the fact detailed in the 2255 and its supporting affidavits Barry Lernard Davis, the movant, urges this court to schedule the case for an evidentiary hearing to resolve the disputed facts. The Facts are simple counsel was ineffective before trail, during trail, at sentencing, and prejudice Movant Davis's appeal.

Respectfully submitted on this 16ᵗʰ _____ day of Nov, 2014.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY  that a true and correct copy of this forgoing instrument has been deposited in Medium Beaumont's FCI prision internal legal mail system with first class postage affixed thereto on this 16ᵗʰ day of November 2014 correct address to 515 Rusk Houston Texas 77002.  The undersigned hereby executes this certificate under the penalty of perjury pursuant to 28 U.S.C.§1746.

MR. BARRY LERNARD DAVIS
REGISTER NO. 43653-279
MEDIUM BEAUMONT FCI
POST OFFICE BOX  26040
BEAUMONT,TEXAS  77720

## REPLY TO: REQUEST FOR CERTIFICATE OF APPEALABILITY

Movant Davis request for Certificate Of Appealability, should be granted. Davis's Constitutional Rights were Completely Violated, because of an Ineffective Assistance of Counsel. Those rights are guaranteed by the Fifth Amendment ,and, Sixth Amendment to the United States Constitution.  The facts are supported  by the the record.

A prisoner is required to obtain a C.O.A. to appeal a final collateral order, such as the district court's denial of proceeding under § 2255. See <u>United States v. Espinoza-Saenz</u>, 235 F.3d 501, 502 (10th Cir. 2000).

The requirement that a section 2255 movant obtain a C.O.A. to appeal is jurisdictional in nature; that is, the absence of a C.O.A. will preclude a prisoner's appeal. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003).

Federal District Court may only issue a C.O.A. only if the Movant has made a substantial showing of the denial of a constitutional right See 2253(C)(2). To obtain a C.O.A. under this standard, the applicant must show that reasonable jurist could debate whether the petitioner should have been resolved in a different manner or the issue presented were adequate to deserve encouragement to proceed further. See <u>Slack v. McDaniel</u>, 529 U.S. 473,484,120 S.Ct. 1595,1603-04,146 L.Ed. 2d 542 (2000).

Under this debatable among jurists standard, a question of first impression likely warrants issuance of a C.O.A. <u>Slack</u>, 529 U.S. at 484, 120 S.Ct at 1604. Accordingly, under <u>Slack</u> there are "two componets" involved in whether a C.O.A. Should *issue when the district court has dismissed the motion on procedural grounds:* (1) directed at the underlying constitutional claims and(2) directed at the district court's procedural holding. <u>Id</u>., 529 U.S. at 484-85,120 S.Ct.at 1604.

## REQUEST FOR RELIEF

WHEREFORE, if the Movant has made a substantial showing with respects to the preliminary issue, the court only take a "quick look" at the application to determine whether it contains at least claims that, on its face, alleges the denial of constitutional right. Slack, 529 U.S. at 484, 120 S.Ct. at 1604 ( a C.O.A. should issue when the prisoner shows, at least, that jurist of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right) (emphasis added). The Movant Davis respectfully request a C.O.A. is granted for all of the following claims listed in his motion to vacate, set aside or correct his sentence which are:

Ineffective Assistance of Trial Counsel for Failure to object to Racial Prejudice Testimony at Trial.

Davis's equal protection rights were violated when the government's trial testimony of their witness regarding the culture of prostitution turned racial.

Trail Counsel failed to research precedent case law regarding the culture of prostitution and racial prejudice in the U.S. Court of Appeals for the Fifth Circuit. Had he don so he would have been able to object to the government's testimony using United States v. Anderson, 560 F.3d 275 (5th Cir.2009).

Trail counsel's failure to object at trial to Davis's equal protection right violation and the testimony of the government's wittness that turned racial, prejudice Davis because his appeal had to be reviewed under the plain error standard of review in which Davis could not prevail. Had counsel  objected and Davis's appeal been reviewed under a de novo standard of review, there is a reasonable probability that the outcome of the appeal would have been different.

Sentence counsel failed to provide evidence to overcome reliability of PSR enhancement.

(1) The district court's decision to apply a five (5) level enhancement for engaging in a pattern of activity involving prohibited sexual conduct was based on the Presentence Investigation Report (PSR).

(2) The PSR alleged that Davis had engaged in sexual conduct with RD, a sixteen-year-old girl, on at least two occassions, and had acted as RD's pimp.

(3)  All these allegations were allegedly based on the investigative files and report of the Houston  Police Department.

(4) These alleged charges related to the incident  were dismissed for unspecified reasons.

(5) AN ineffective sentence counsel failed to investigate these allegation and provide evidence to overcome PSR's information in calculating this enhancement.

(6) Davis was prejudiced by the five (5) level enhancement in that he received a much harsher sentence.

Trail Counsel failed to file a timely motion to suppress illegally obtained evidence.

(1)  FBI Agent Fransen search movant Davis's Car before, Davis was coerced in to signing a search to consent.

(2) There were additional Agents that witnessed FBI Agent Fransen search the insides and the trunk of Davis's vehical.  These Agents would have testified that FBI Agent Fransen did so.

(3) At the FBI head quarters, there are video cambras that recored the illegal search that would have been evidence to prove the stop and search were unconstitutional.

(4) Davis would have testified at the suppression hearing to the facts, and truth, that, the car was search before he gave coerced consent. FBI Frans had no constitutional reason to stop Davis car.

(5) Davis repeatly asked Mr. Justin to filed a motion to suppress the illegaly obtain alleged evidence.

(6) Davis was prejudiced by the illegally obtained evidence.

Respectfully submitted on this 16th day of November 2014.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing instuemnt has been deposited in Beaumont Medium FCI prison internal mail system with first class postage affixed thereto on this 6th day of November 2014. correct address to 515 Rusk Houston, Texas 77002. The undersigned hereby execute this Certificate under the penalty of perjury pursuant to 28U.S.C.§1746.

MR. BARRY LERNARD DAVIS
REG. 43653-279
MEDIUM BEAUMONT FCI
POST OFFICE BOX 26040
BEAUMONT, TEXAS 77720

## VERIFICATION

I, Barry Davis hereby verify that I have read this motion and the facts stated herein are true and correct under penalty of prejury. 28 U.S.C. § 1746.

MR. BARRY LERNARD DAVIS

## REQUESTED RELIEF

Therefore, Davis respectfully request that this court reverse his conviction due to racial prejudice which he suffered. In the alternative, it is respectfully request that the Court vacate Davis's five-level enhancement under U.S.S.G. §4B1.5(b)(1). In a final alternative, the Court should hold an Evidentiary Hearing so Davis may further prove his ground and expand the record or grant any other relief to which this Court deems appropriate.

Signed and dated on November 12, 2014          Respectfully submitted

MR. BARRY LERNARD DAVIS
REGISTER NO. 43653-279
MEDIUM BEAUMONT FCI
POST OFFICE BOX  26040
BEAUMONT, TEXAS  77720
(PRO SE)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing instrument has been mailed with first class postage prepaid on this 12, day of Novermber 2014, to 515 Rusk Houston, Texas 77002, for processing through the legal mail system. I hereby execute this certifacte under the penalty of perjury pursuant ti 28 U.S.C. § 1746.

Barry Lernard Davis

VERFICATION

I, Barry Davis      ,hereby verify under penalty of perjury that I have read this I have read this document and the facts stated therein are true and correct to the best of my knowledge and memory.  See 28 U.S.C. §1746.  Executed on this 12th day of 2014.

/s/ BARRY LERNARD DAVIS
BARRY LERNARD DAVIS
(PRO SE REPRESENTAION)