UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY LERNARD DAVIS, | § | |
| | § | |
| Movant, | § | |
| v. | § | CIVIL NO. 4:14-CV-01631 |
| | § | CRIM NO. 4:09-CR-00390 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | Judge Melinda Harmon |

**MOTION FOR LEAVE TO AMEND MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

COMES Defendant Barry Lernard Davis, by and through counsel, D. Craig Hughes, and in support of this Motion would show as follows:

**I. RELEVANT BACKGROUND**

On June 9, 2014, Davis filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support ("§ 2255 Motion"). See Docs. 163 & 164.[1]

On September 9, 2014, the government filed United States' Response to and Motion to Dismiss Davis's Motion for Relief under 28 U.S.C. § 2255 ("GR"). See Doc. 167.

On November 21, 2014, Davis filed a *pro se* Reply to United States Answer to Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct ("Reply"). See Doc. 178.

On March 24, 2015, undersigned counsel filed his Notice of Appearance in this case. See CvDoc. 12.

---

[1] "Doc." refers to the Docket Report in the United States District Court for the Southern District of Texas, Houston Division, in Criminal No. 4:09-CR-00390, which is immediately followed by the docket entry number. "CvDoc." refers to the Docket Report in the United States District Court for the Southern District of Texas, Houston Division, in Civil No. 4:14-CV-01631, which is immediately followed by the docket entry number.

## II. RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Title 28 of the United States Code of Judicial Code provides that Habeas Corpus applications may be amended or supplemented as provided in the Rules of Procedure applicable to civil actions. Likewise, Rule 11 of the Rules Governing 28 U.S.C. § 2255 Motions provides that: The Federal Rules of Civil Procedure to the extent that they are not inconsistent with the Rules may be applied, when appropriate, to the petitions filed under these Rules. The Advisory Committee Notes to Habeas- Rule 5 point out, in turn, that: "under [habeas] Rule 11 the court is given discretion to incorporate Federal Rules of Civil Procedure [Fed. R. Civ. P.] when appropriate so Civil Rule 15(a) may be used to allow the petitioner to amend his petition . . ." See Advisory Committee Note to Rule 5 of the Rules governing 2255 cases. These provisions of Rule 11 and Fed. R. Civ. P. 15(a) taken together allow amendment of the petition . . .under the liberal standards of Civil Rule 15.

After the respondent submits an answer, or other responsive pleadings, Civil Rule 15(a) Fed. R. Civ. P. permits amendment by leave of the court or by written consent of the adverse party. See *Bird v. Collins,* 924 F.2d 67, 68 (5th Cir.), cert. denied 111 S.Ct. 2819 (1991). Leave to amend shall be freely given when justice so requires. See *Sanders v. United States,* 373 U.S. 1 (1963).

Civil Rule 15(c), Fed. R. Civ. P. (Relation Back of Amendments) states that an amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.

Civil Rule 15(d), Fed. R. Civ. P. (Supplemental Pleadings) states that: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading

setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time." *Id.*

### III. DISCUSSION

Davis' § 2255 Motion was filed *pro se.* Undersigned counsel has reviewed his original § 2255 Motion, the government's GR, and Davis' *pro se* Reply. After careful review of these pleadings, it is apparent that due to Davis' lack of legal resources at his institution, as well as his status as a lay person without legal training, that an Amendment is necessary to argue his original grounds in his § 2255 Motion and his Reply to the government's GR.

It is therefore respectfully requested that the Court grant leave so that undersigned counsel may amend the *pro se* pleadings previously filed.

WHEREFORE, Davis prays that this motion be, in all things granted, and that the Court grant leave to amend his § 2255 Motion.

Respectfully submitted,

**LAW OFFICES OF D. CRAIG HUGHES**

s/ D. CRAIG HUGHES
D. CRAIG HUGHES
TBN# 10211025
7322 Southwest Freeway
1 Arena Place, Suite-1100
Houston, Texas 77074
TEL - 713-535-0683
FAX - 713-981-3805
Attorney for Movant
BARRY LERNARD DAVIS

**CERTIFICATE OF CONFERENCE**

       I hereby certify that on May 21, 2015, I conferred with Assistant U. S. Attorney James Turner regarding the government's position on the above and foregoing Motion for Leave to Amend Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and he stated that the government is opposed to the relief requested.

                                                 /s/ D. CRAIG HUGHES
                                                 D. CRAIG HUGHES

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 21, 2015, I electronically filed the above and foregoing Motion for Leave to Amend Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and it was served by electronic mail via the Court's ECF Electronic Filing System on Assistant U. S. Attorney James Turner.

                                                 /s/ D. CRAIG HUGHES
                                                 D. CRAIG HUGHES