IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BARRY LERNARD DAVIS, § | |
| § | |
| Defendant-Movant, § | |
| § | |
| V.  § | CRIMINAL ACTION NO. H-09-390 |
| § | CIVIL ACTION NO. H-14-1631 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent. § | |

### OBJECTIONS TO THE MEMORANDUM AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

COMES Defendant-Movant, BARRY LERNARD DAVIS ("Davis"), by and through counsel, and respectfully submits these, his objections to the Memorandum and Recommendation of the United States Magistrate Judge ("M & R") as follows:

#### I. Preliminary Statement

The 21 page United States Magistrate Judge's M & R is divided into three (3) sections: (A) Procedural History; (B) Discussion; and (C) Conclusion and Recommendation. Davis will sequentially lodge his objections as follows:

(A)     Procedural History

The first section of the M & R is the Procedural History. See CvDoc. 14.[1] A fair reading of this section reveals a detailed and accurate review of the procedural matters in this case. *Id.* at 1-6. Davis does not take exception or object to this section of the M & R.

---

[1] "CvDoc." refers to the Docket Report in the United States District Court for the Southern District of Texas, Houston Division in Civil No. 4:14-cv-01631, which is immediately followed by the Docket Entry number.

(B)     Discussion

In this section of the M & R, there is also a subsection for Ineffective Assistance of Counsel. Under this subsection, the M & R first relates the requisite United States Supreme Court standard under *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny for claims of ineffective assistance of counsel. *Id.* at 6-9. Davis does not take exception or object to this subsection on pages 6-9.

Next, the M & R recites the facts of this case as taken from the Fifth Circuit's appellate opinion. *Id.* at 9-10. Davis does not take exception or object to this subsection.

Finally, the M & R discusses Davis' first four grounds relating to the "culture of prostitution," which Davis claimed turned racial and thereby allowed the jury to consider race as a factor in determining guilt. *Id.* at 10-16. The M & R states that "Davis claims that counsel failed to object to the testimony, and to the prosecutor's closing argument, which made reference to the questionable testimony, and that he was prejudiced by counsel's failure and was denied his right to equal protection." *Id.* at 11. The M & R further states that:

> "Davis also maintains that had counsel researched relevant Fifth Circuit case law such as *United States v. Anderson*, 560 F.3d 575 (5th Cir. 2009)[2], a similar prostitution case, where race was interjected, he would have been prepared to respond to such testimony concerning race and prostitution. Davis further claims that because of counsel's failure to object, he was held to a more stringent standard of review on direct appeal than he would have been had counsel objected."

*Id.*

Based on the foregoing statement, the government conceded and the M & R agreed that Davis' attorney's failure to object to the "culture of prostitution" testimony and closing argument

---

[2] The M & R incorrectly cited *Anderson*. The correct cite is *United States v. Anderson,* 560 F. 3d. 275 (5th Cir. 2009).

2

was deficient performance under *Strickland. Id.* However, the government and the M & R agree that Davis cannot show that he was prejudiced by this deficiency. *Id.* Davis objects and states that he was prejudiced because his substantial rights and equal protection rights were violated.

Because Davis' trial counsel failed to object at trial to the "culture of prostitution" testimony and evidence, which brought race into this case, the Fifth Circuit reviewed Davis' case under the plain error standard of review. See *United States v. Davis*, 453 Fed. Appx. 452 (5th Cir. 2011).

In the Fifth Circuit, plain error review requires four determinations: (1) whether there was clear error; (2) whether the error affected the defendant's substantial rights; (3) whether the court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice; and (4) whether "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012); *United States v. Olano*, 507 U.S. 725, 732–37 (1993); *United States v. Infante*, 404 F.3d 376, 394 (5th Cir. 2005). In its opinion in this case, the Court ruled that Davis met the first two requirements of plain error review. However, the Court ruled that the error did not reach the level of a manifest miscarriage of justice, or seriously affect the fairness, integrity, or public reputation of judicial proceedings. Had Davis' attorney objected at trial to the Court's error, the standard of review would have been under a *de novo* review. On appeal, a *de novo* review is a review in which the appellate court uses the trial court's record, but reviews the evidence and law without deference to the trial court's rulings. See *United States v. Cisneros-Gutierrez*, 517 F.3d 751 (5th Cir. 2008). As such, a *de novo* review of Davis' claim of racial bias would have likely prevailed on appeal.

The Supreme Court has stated that "[d]iscrimination on the basis of race, odious in all aspects, is especially pernicious in the administration of justice." *Rose v. Mitchell*, 443 U.S. 545, 555

(1979). The Constitution "prohibits a prosecutor from making race-conscious arguments since it draws the jury's attention to a characteristic that the Constitution generally demands that the jury ignore." *United States v. Hernandez*, 865 F.2d 925, 928 (7th Cir.1989); see also, *Smith v. Farley*, 59 F.3d 659, 663 (7th Cir.1995) ("There is no place in a criminal prosecution for gratuitous references to race....").

Prosecutors are "caution[ed against] employing arguments immaterial to the defendant's guilt or innocence, especially when they appear calculated to 'shift the emphasis from evidence to emotion.'" *United States v. Gainey*, 111 F.3d 834, 836 (11th Cir. 1997). However, a new trial will be granted in such circumstance only where the comments were improper and prejudicial to the defendant's substantial rights. See *United States v. Boyd*, 131 F.3d 951, 955 (11th Cir. 1997) (citing *United States v. Blakey*, 14 F.3d 1557, 1560 (11th Cir. 1994)); *United States v. Beasley*, 2 F.3d 1551, 1560 (11th Cir. 1993) (citing *United States v. Bascaro*, 742 F.2d 1335, 1354 (11th Cir. 1984)).

While it is certainly true that district judges must weigh the "probative value" of evidence against "the danger of creating unfair prejudice" in each case under 18 U.S.C. § 3593(c), the particular references to ethnicity in this case were problematic for several reasons: (1) the references came directly from the case agent and the prosecutor; (2) they directly alluded to Davis; (3) they bore no relevance to the particular issues that the jury was being asked to resolve; and (4) they conveyed what were, frankly, stereotyping and insulting notions about the "culture of prostitution", and how "an honorable [black man]" is supposed to act. See *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013). Thus, while it is admittedly impossible to script all-or-nothing answers to evidentiary questions on appeal, the error in admitting the statements at issue here is apparent. *Id.*

Based of the above, Davis' attorney's performance was deficient and he was prejudiced because his substantial rights were violated. Accordingly, under a *de novo* review, Davis' conviction and sentence should be reversed for a new trial.

The M & R next relies on the Fifth Circuit opinion in this case regarding the five (5) level increase because Davis allegedly engaged in a "pattern of activity" involving prohibited sexual conduct with minors, pursuant to USSG § 4B1.5(b)(1). See Doc. 14 at 17. The M & R states that Davis does not provide anything, other than unsupported assertions, to demonstrate that the PSR's allegations were baseless or that lack of evidence was the reason why the charges against him regarding his alleged conduct with RD were dismissed. *Id.*

Davis objects to the recommendation of the M & R. Davis' counsel provided deficient performance because he failed to further research the exact reason that the State charges were dismissed. Even though Davis' counsel filed an objection to this enhancement [Docs. 69 & 70], he failed to further research this enhancement and contact the State prosecutor to find out the exact reason why the charges were dismissed in the State case against Davis. He could have also subpoenaed the State prosecutor to testify at sentencing or had him prepare a written Affidavit as to why the State case was dismissed. Had he done so, he could have expanded an incomplete record to overcome the five (5) level increase in Davis' Guideline range, especially in light of the reason given for dismissal on the judgment as "other". Counsel could have also interviewed RD to see what information she would be willing to provide as to the State's case. However, counsel failed to make any effort in these regards and his performance must be deemed deficient for his failure. With regard to prejudice, had counsel found what the exact reason was for the dismissal, there is a reasonable probability that he could have produced evidence to overcome the recommendation of the PSR of

the five (5) level enhancement and the result would have been a significantly less harsh sentence.

Accordingly, an evidentiary hearing should be held so that Davis may further prove this ground and expand an incomplete record.

(C)     Conclusion and Recommendation

In this final section, the M & R recommends that the government's motion to dismiss be granted and that Davis' § 2255 Motion be denied. See M & R at 20.

For the above and foregoing reasons, Davis objects to the recommendations of the M & R. His conviction and sentence should be reversed and vacated, and he should be granted a new trial. In the alternative, an evidentiary hearing should be held so that Davis may further prove his grounds, resolve disputed facts, and expand an incomplete record.

        Respectfully submitted,

        /s/ D. Craig Hughes
        D. Craig Hughes
        State Bar of Texas No. 10211025
        7322 Southwest Freeway
        1 Arena Place, Suite 1100
        Houston, Texas 77074
        TEL  - (713)-535-0683
        FAX - (713)-981-3805
        Email: dcraighughes@msn .com
        Attorney for Defendant-Movant
        BARRY LERNARD DAVIS

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2015, I electronically filed the above and foregoing Objections to the Memorandum and Recommendation of the United States Magistrate Judge, and it was served by electronic mail via the Court's ECF Electronic Filing System on Assistant U. S. Attorney James Turner.

        /s/ D. Craig Hughes
        D. Craig Hughes