UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BARRY LERNARD DAVIS | § |
| | § |
|     Petitioner | §   CRIMINAL ACTION NO. H-09-390 |
| VS. | §   CIVIL ACTION NO. 4:14-CV-1631 |
| | § |
| UNITED STATES OF AMERICA | § |

## OPINION AND ORDER

Pending before the Court in the above referenced cause are Movant Barry Lernard Davis's ("Davis's") § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 163[1]) and Memorandum in Support (Document No. 164). The Government has filed an Answer and Motion to Dismiss (Document No. 170) and Davis filed a Response to the Government's Motion to Dismiss (Document No. 178). The Magistrate Judge recommended that the Government's Motion to Dismiss be granted, and Davis's § 2255 Motion be denied (Document No. 180). Davis has filed objections to the Magistrate Judge's Memorandum and Recommendation (Document No. 15[2]).

**The Magistrate Judge's Memorandum and Recommendation**

The Magistrate Judge considered Davis's allegations and determined that he did not establish constitutionally defective counsel under *Strickland v. Washington*, 466 U.S. 668, 669 (1984) ("A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction […] requires that the defendant show, first, that counsel's performance was deficient *and*, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.") (emphasis added). Davis's first four claims relate to the "culture of

---

[1] This is Document No. 163 in Criminal Action H-09-390 and Document No. 1 in Civil Action H-14-1631.
[2] Document No. 15 refers to the Civil Action H-14-1631. Davis's objections have not been docketed in the Criminal Action. All other document number references refer to the Criminal Action.

prostitution" that was referenced at trial, which he "claims turned racial and thereby allowed the jury to consider race as a factor in determining guilt" (Document No. 180 at 10-11). The Magistrate Judge ruled that counsel's failure to object to the racial testimony on the "culture of prostitution" constituted deficient performance under *Strickland*, which was conceded by the Government, but that Davis did not show that he was prejudiced by the inclusion of the testimony. *Id*. at 11. The findings of the Fifth Circuit in its prior ruling on Davis's sentence were "instructive and binding" on the prejudice issue, as the Fifth Circuit found that Davis failed to show that "the admission of the four statements affected the outcome of the proceeding," "undermine[d] the reliability of the trial," or "abrogate[d] Davis's right to equal protection." *Id*.; *United States v. Davis*, 453 Fed. Appx. 452, 458-9 (5th Cir. 2011). The Fifth Circuit explained that Davis was not prejudiced by this testimony because the volume of evidence presented against him at trial was "overwhelming," as it included the testimony of two women on "their personal experiences working as Davis's prostitutes," "[e]vidence from Davis's computer, from his car, and from a New Orleans employee" linking him to interstate prostitution, and testimony from two FBI agents and a local police officer "as to their investigations into the crimes alleged against Davis." *Davis*, 453 Fed. Appx. at 457-458.

Davis also alleged that his counsel failed to object to the five-level increase in his pre-sentence report ("PSR"), which was based on "his engaging in a pattern of activity involving prohibited sexual conduct" (Document No. 180 at 2, 16). Davis objected to the PSR's reliance on charges filed against him for engaging in sexual conduct with R.D., a minor, and for acting as R.D.'s pimp, because those charges were eventually dismissed (Document No. 163 at 17). Davis theorized that counsel could have "done more to refute the recommendation of the PSR" or show "that the victim, R.D.[,] was not credible and the state charges were dismissed" (Document No.

180 at 16). The Magistrate Judge first noted that the PSR already stated that the charges were dismissed, and that "conviction was not required for the five-level increase to apply." *Id*. at 16-17. Therefore, any objections by counsel "would not have made a difference." *Id* at 16. Furthermore, Davis's "assertion that the objections [to the five-level increase] were not adequate because the Court overruled them" was "wholly conclusory" and failed to demonstrate his attorney's performance was deficient. *Id*. at 17-18.

The Magistrate Judge then explained that she was bound by the "findings and conclusions" of the Fifth Circuit, which "undermine Davis's claims of ineffective assistance of counsel." *Id*. at 17. The Fifth Circuit found that the police reports relating to R.D. were inherently credible, and that Davis failed to provide any evidence that the charges against him were "materially untrue." *Id*. at 17 (citing *Davis*, 452 Appx. at 461). Therefore, Davis's claims failed "under both the deficiency and prejudice prongs of *Strickland*." *Id*.

Finally, Davis argued that his counsel was ineffective for "failing to file a motion to suppress evidence seized from his gold Mercedes Benz." *Id*. However, the Magistrate Judge noted that Davis signed several forms consenting to the search, and that marijuana was clearly present in the vehicle when he was stopped. *Id*. at 19. Therefore, the Magistrate Judge found that Davis made no "credible argument that, under the circumstances, it was objectively unreasonable for counsel not to challenge the constitutionality of searches given his signed Consent to Search Forms he executed," as counsel is not obligated to file an objection without merit. *Id*. at 18-19. Furthermore counsel did lodge a "running objection to any testimony concerning evidence resulting from the traffic stop," but counsel's objections were overruled at trial. *Id*. at 18. Therefore, Davis failed to show deficient counsel under the standard in *Strickland*.

**Decision**

Where Davis has not objected to the findings of the Magistrate Judge, the Court will review the Memorandum and Recommendation of the Magistrate Judge under a "clearly erroneous, abuse of discretion and contrary to law" standard, but where Davis has objected, the Court must engage in a *de novo* review. *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court finds that the portions of the Magistrate Judge's Memorandum and Recommendation not challenged by Davis are not clearly erroneous or contrary to law. Therefore the Court addresses *de novo* the objections raised by Davis.[3]

*Davis's Objections*

*1.* Davis's first objection states that "he was prejudiced because his substantial rights and equal protection rights were violated" by counsel's deficient performance in failing to object to race-based testimony on the culture of prostitution (Document No. 15 at 2-3). Davis correctly states that, had counsel objected to this testimony, the Fifth Circuit would have reviewed the inclusion of the testimony *de novo*. *Id.* at 3. However, the Fifth Circuit found in favor of Davis that the inclusion of the testimony was error; a *de novo* review would not have changed this outcome. *Davis*, 452 Appx. at 457-8. If defense counsel had objected to the testimony, as in one case cited by Davis, *U.S. v. Vue*, the appellate court would then have considered whether "allowing the introduction of the evidence objected to […] was harmless beyond a reasonable doubt […  and whether] the outcome of the trial was substantially influenced by the introduction of that evidence." 13 F.3d 1206, 1213 (8th Cir. 1994) (citing *Delaware v. Van Ardsall*, 475 U.S. 673, 684 (1986); *Chapman v. California*, 386 U.S. 18, 24 (1967); *Bank of Nova Scotia v. United*

---

[3] The Magistrate Judge was "bound by the findings and conclusions of the Fifth Circuit" which "undermine Davis's claims of ineffective assistance of counsel concerning counsel's failure to object to the interjection of race into the proceedings and failure to object to the PSR, and, in particular, the imposition of the five-level increase" (Document No. 180 at 18). This court is similarly bound in its examination of Davis' objections.

*States*, 487 U.S. 250, 256 (1988); *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)) (District Court error of including testimony regarding "the likelihood of the involvement in opium smuggling of persons of Hmong descent" not harmless beyond a reasonable doubt).

The enormity of the evidence against Davis suggests that the outcome of the trial could not have been substantially influenced by brief, cursory references to the culture of prostitution. Furthermore, any racial references to the culture of prostitution were nowhere near as inflammatory as the testimony in *Vue*, and therefore were much less likely to substantially influence the outcome of the trial. The inclusion of the testimony in Davis's case would have been ruled a harmless error under a *de novo* review, and thus counsel's failure to object did not affect the outcome of the trial. As described by the Magistrate Judge, the prejudice prong under *Strickland* "requires a petitioner to prove that absent the disputed conduct of counsel, the outcome would have been both different and more favorable" (Document No. 180 at 6). Therefore, Davis's objection fails.

**2.** Davis next objects to the Magistrate Judge's finding that his counsel was not ineffective "for failing to bar application of a five-level increase to his offense level computation." *Id*. at 16. Davis claims that the performance of his counsel was deficient, because counsel "failed to further research the exact reason that the State charges [regarding the minor R.D.] were dismissed" and "had he done so, he could have expanded an incomplete record to overcome the five (5) level [sentencing] increase" (Document No. 15 at 5). Davis also states that if counsel had "found what the exact reason was for the dismissal, there is a reasonable probability that he could have produced evidence to overcome the recommendation of the PSR." *Id*. As described above, claims of ineffective counsel must meet the deficiency and prejudice prongs of *Strickland*. 466 U.S. at 669.

In order to demonstrate deficient counsel, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. Davis fails to meet this standard. First, Davis's counsel did file objections to the PSR, which were overruled (Document No. 180 at 17; *see also* Defendant's Objections to Presentence Investigation Report, Document No. 69). As the Magistrate Judge notes, the fact that the objections were overruled cannot demonstrate that counsel was deficient, as "conclusory allegations are insufficient to raise an issue of ineffective assistance of counsel." *Id*. at 18 (citations omitted). Second, Davis presented no evidence suggesting that the charges relating to R.D. were "materially untrue," other than his baseless statements that the charges were dismissed due to lack of evidence. *Davis*, 452 Fed. Appx. at 461. The allegations relating to R.D. were "based on reports of the Houston Police Department" and therefore "had a sufficient evidentiary basis and indicia of credibility." *Id*. As Davis presented no evidence contradicting these reports, counsel did not act unreasonably in failing to further investigate.

Davis's objection fails under *Strickland*, because he has failed to demonstrate that his counsel was deficient. However, even if counsel's lack of investigation were deficient, Davis has also failed to show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 669. As described above, Davis has presented no evidence calling the police reports into question. It is highly unlikely that investigation into the matter would have procured any evidence doing so[4], let alone evidence sufficient to demonstrate that the police reports relied upon were "materially untrue." *Davis*, 452 Fed. Appx. at 461. Without any proof of the existence of such evidence, Davis cannot show that, but for counsel's failure to investigate, he would have received a lesser sentencing

---

[4] Davis's new counsel has had ample time to complete these investigations, but describes no new evidence found as a result thereof. This further emphasizes that it is unlikely any such evidence exists.

recommendation under the guidelines.

Having considered all applicable motions and the evidence in support thereof, the Magistrate Judge's Memorandum and Recommendation, the record of the case, and all applicable law, the Court adopts the Magistrate Judge's Memorandum and Recommendation as its own and

ORDERS that Davis's Objections are OVERRULED. The Court further

ORDERS that Movant Davis's § 2255 motion is DENIED.

**Certificate of Appealability**

Under 28 U.S.C. § 2255(c)(1)(B), "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from [...] the final order in a proceeding under section 2255." *See also* Federal Rule of Appellate procedure 22(b)(1)("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."). Furthermore, "[a] certificate of appealability may issue […] only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issue presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where the district court denies a § 2255 motion on the merits, to warrant a certificate of appealability a Movant must be able to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Hanry v. Cockrell*, 327 F.2d 429, 431 (5th Cir. 2003). A district court may deny a certificate of appealability *sua sponte*. *Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008)

(citing *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)).

Because the Court finds that Davis has failed to make a substantial showing of the denial of a constitutional right nor demonstrated that jurists of reason could disagree with the Court's resolution of his constitutional claims, the Court

ORDERS that a certificate of appealability is DENIED.

SIGNED at Houston, Texas, this 28th day of September, 2015.

                                                MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE