UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY LERNARD DAVIS | § | |
| | § | |
|     Petitioner | § | CRIMINAL ACTION NO. H-09-390 |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1631 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**ORDER AND OPINION**

Before the Court is Movant Davis's Motion for Leave to Amend his § 2255 Motion to Vacate, Set Aside, or Correct His Sentence (Document No. 13[1]). Upon consideration of the motion and the facts in the record, the Court denies the motion.

**Davis's Motion**

In his Motion to Amend, Davis's attorney notes that his original § 2255 Motion was filed *pro se*, and that "it is apparent that due to Davis' lack of legal resources at his institution, as well as his status as a lay person without legal training, that an Amendment is necessary to argue his original grounds in his § 2255 Motion and his Reply to the government's GR" (Document No. 13 at 3). Therefore, the Motion asks that "the Court grant leave so that undersigned counsel may amend the *pro se* pleadings previously filed." *Id*.

**Applicable Law and Ruling**

According to 28 U.S.C.A. § 2255(f), "[a] 1-year period of limitation shall apply to a motion under this section." Davis filed this Motion to Amend on May 21, 2015, more than one year[2] after his Petition for Writ of Certiorari was denied (Document No. 157[3]). However, "[i]t is well settled that Rule 15 [of the Federal Rules of Civil Procedure] applies to federal habeas

---

[1] This document number refers to the civil action: 4:14-CV-1631. Document numbers herein will refer to the civil action unless noted otherwise.
[2] Davis's Petition was denied on October 17, 2013.
[3] This document number refers to the Criminal Action: 4:09-CR-390.

1 / 4

proceedings." *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). Under Rule 15(c), Davis's Motion to Amend is not time-barred to the extent it "relates back" to his original motion. Rule 15(c) provides that, "An amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading ...." *Gonzalez*, 592 F.3d at 679.

The Fifth Circuit has held that "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision." *Id*. at 680. In determining whether an amendment relates back to the original motion, this Court will consider whether petitioner's claim "asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.' If it does, then his proposed amendment does not relate back to his original pleading and is time-barred." *Id*. (citing *Mayle v. Felix,* 545 U.S. 644, 650 (2005)). *See also United States v. Cunningham*, No. CIV.A. H-12-3147, 2013 WL 3899335, at *4 (S.D. Tex. July 27, 2013) (ineffectiveness of counsel claims that "differ[ed] in both time and type" from the ineffectiveness claim asserted in petitioner's original § 2255 motion dismissed as time-barred). According to this rule of law, Davis's counsel will be time-barred from raising any "new ground[s] for relief" in his amendment. *Gonzalez*, 592 F.3d at 680.

As described above, Rule 15(c) permits Davis to amend the claims raised in his initial § 2255 motion. Fifth Circuit precedent "indicates, however, that a district court may deny motions to amend, even when such amendment would be 'as a matter of course,' when the amendment would be futile." *Gonzalez*, 592 F.3d at 681 (citations omitted). As described in the Memorandum and Recommendation of the Magistrate Judge, this Court is bound by Fifth Circuit

precedent in its ruling on most of Davis's § 2255 claims:

> [T]he evidence and argument considered by the Fifth Circuit on appeal is essentially the same evidence and argument offered by Davis concerning his ineffectiveness claims challenging the "culture of prostitution" and five level sentencing increase. Because there has been no intervening change in the law, and no showing that the Fifth Circuit's decision is "clearly erroneous or would work a manifest injustice," the undersigned Magistrate Judge is bound by the findings and conclusions of the Fifth Circuit. Those findings and conclusions undermine Davis's claims of ineffective assistance of counsel concerning counsel's failure to object to the interjection of race into the proceedings and failure to object to the PSR, and, in particular, the imposition of the five-level increase. As such, Davis's claims concerning the four statements fail under the prejudice prong of *Strickland*, and his challenge to the PSR fails under both the deficiency and prejudice prongs of *Strickland*.

(Document No. 14 at 18)(citations omitted). Because this Court is bound by the Fifth Circuit precedent, any amendment to Davis's claims regarding the "culture of prostitution" and his five level sentencing increase would be futile.

Davis did allege one new claim on which this Court is not bound by Fifth Circuit precedent: that "his counsel was ineffective for failing to file a motion to suppress evidence seized [in a warrantless search] from his gold Mercedes Benz." *Id*. Davis "claims that he insisted counsel file a motion to suppress because he was coerced into signing the consent form by the FBI agent, who told him that if he did not sign it that he would 'call the cop for weed.'" *Id*. (citing Document No. 11 at 8). However, the Magistrate Judge has cited an abundance of evidence demonstrating that any motion to suppress would have been meritless:

> Here, the trial testimony shows that when Davis's car was stopped he had executed an illegal U-turn in an attempt to evade federal agents. Officers detected the smell of marijuana when he rolled the window down and marijuana was visible in the console. (Document No. 92, Transcript of Day 2 of Trial, March 23, 2010, p. 306-311). Davis also signed several written consent forms. The first, form "FD-26" for a search of vehicle. (Document No. 92, p. 312-313), a consent to search his laptop computer, and a third consent for all other items in the car. (Document No. 92, p. 313-317).

*Id*. at 19. The three consent forms signed by Davis clearly demonstrate an exception to the

warrant requirement under the Fourth Amendment. Therefore, any motion to suppress would have been meritless. Despite this, at trial defense counsel did lodge a "running objection to any testimony concerning any evidence resulting from the traffic stop." *Id*. The law is clear in the Fifth Circuit that failure to raise a meritless objection cannot render counsel ineffective. *Id*. at 20 (citing *Turner v. Quarter man*, 481 F.3d 292, 298 (5th Cir. 2007); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994)). Therefore, no amendment to Davis's claim could possibly demonstrate ineffectiveness of counsel, given the facts and the applicable Fifth Circuit law.

Because any amendment to the claims in Davis's original § 2255 motion would be futile, the Court hereby

**ORDERS** that Davis's Motion for Leave to Amend is **DENIED**.

SIGNED at Houston, Texas, this 6th day of November, 2015.

                                        MELINDA HARMON
                                UNITED STATES DISTRICT JUDGE